BISHOP JOHN J. KEANE, Appellee, v. CENTURY FIRE
INSURANCE COMPANY, Appellant.

**Insurance:** FORFEITURE: WAIVER OF CONDITIONS AS TO TITLE: ESTOPPEL.
1 Where an insurance company issues a policy with knowledge of
the insured's interest in the property the company waives its right
to claim that the insured was not the unconditional owner but
held the property in trust, and by that means avoid the policy
under a clause relating to the nature and character of the title.
And if there be any error in the recitals of the policy, issued by
an agent with knowledge of the facts as to the ownership of the
property the company can not take advantage of that fact.

**Appeal:** VERDICT: CONCLUSIVENESS.  Where the jury under proper
2 instructions found that the loss was due to a cause covered by
the policy the court on appeal will not interfere with the verdict.

**Same:** REBUILDING OF PROPERTY: LIABILITY OF COMPANY.  Where, as
3 in this case, a church was insured in the name of the bishop,
who held title in his representative capacity, the fact that the
church was rebuilt by the congregation, aided by the bishop, prior
to suit upon the policy by him did not release the company from
liability for the loss.

**Same:** PROOF OF LOSS: WAIVER.  Where an insurance company within
4 the time fixed for making proofs of loss denies all liability the
necessity of further proof of loss is waived.

**Same:** EVIDENCE: CAUSE OF LOSS.  In a suit upon a tornado policy
5 of insurance the testimony of a witness living within the path
of the storm, although some distance from the property insured,
was admissible on the question of the character and extent of
the storm.

**Same.**  In this action upon a tornado policy evidence of witnesses
6 who were not at the scene of the loss until some time thereafter
and when a large part of the wreckage had been cleared away,
as to whether traces of lightning were discoverable, was properly
rejected because of changed conditions and the remoteness of
time.

*Appeal from Winneshiek District Court.*—HON. L. E.
FELLOWS, Judge.

TUESDAY, APRIL 4, 1911.

ACTION upon a policy of insurance against damage by cyclones, windstorms, and tornadoes. Various defenses were interposed, which will be noticed in the body of the opinion. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*E. W. Cutting,* for appellant.

*Smith & O'Connor* and *N. Willett,* for appellee.

DEEMER, J.—The policy in suit was issued by one of defendant's recording agents on September 22, 1903. It named "Bishop Keane" as the insured and described the property as follows: "$1500 on the brick, shingle roof church building, situated N. W. ¼ section 22, township 99, range 9, Winneshiek Co., Iowa, and $500 on church furniture and fixtures therein."

No application was attached to the policy, or, if there was one, it has not been copied into the record. The agent who issued the policy testified as·follows with reference thereto:

This is a policy of insurance I issued. I delivered this policy of insurance to Rev. Father Hawe. At the time I issued it, I knew the property which it purported to insure. I had seen the property prior to that. I knew that it was church property and used for church purposes. Q. State, if you know, who was the owner of that property at the time? A. The owner was the bishop of the diocese, Bishop Keane. Q. You may state whether or not you knew that fact at the time you issued this policy. A. That bishop was the owner; yes. Q. You may state whether or not you had issued other policies of this same church property, and was acquainted with the property by reason of that fact. A. I had. Q. You may state whether or not you issued this policy with the full un-

derstanding that this property was owned by Archbishop Keane, and it was used for religious or church purposes. A. I did. I have no knowdedge myself as to the character of the ownership of the property that I claim Bishop Keane has of this property, further than I understand that it is in his name as representative of the church in a holding capacity, and that is something which I have learned from being told, and not from seeing any written evidence of title. I know who Bishop Keane is; he is the bishop of the Catholic diocese in which Winneshiek County is located. At the time I issued the policy in question in this action, I did not make any further inquiries of Father Hawe as to the question of ownership or title. Q. You may state whether or not you issued the policy in question in this action with full understanding that Bishop Keane was the owner of the property for church purposes. A. Yes.

The person who procured the insurance was a witness, and he testified as follows with reference thereto:

I am well acquainted with the property that this policy describes. It is the Bluffton church property in Winneshiek County. Bishop John J. Keane is the same person as was insured in this policy of insurance. He is the plaintiff in this action. A. W. Freeman, who has just left the witness stand, issued another policy of insurance on this church in Milwaukee Mechanic's. That policy of insurance was taken out in the name of Bishop Keane. In placing this insurance, I made known the fact as to who the owner of the property was to the insurance agent. At the time this particular policy in suit was issued, I don't remember that Mr. Freeman asked me any further questions as to the nature of that interest or his title, but he was acquainted with it already, because he had issued several policies for me, and he was acquainted with the nature of the insurance. I told him it should be insured in Archbishop Keane's name. I don't remember if he made any further inquiries as to the title at that time. Q. In what capacity were you acting when you made this Exhibit No. 2? A. Pastor of the church. I was acting for Bishop Keane.

In response to the proofs of loss made for and on behalf of plaintiff, the defendant wrote the following letter:

August 20, 1908.    Attys. for John Hawe, Pastor, New Hampton, Iowa.    Gentlemen:  We have your letter of the 19th inst., inclosing what purports to be proof of loss under Century Policy No. 8750 issued to Bishop Keane, said proof being executed by John Hawe, pastor. The alleged proof is rejected and claim denied for the reason that the assured under said policy, which indemnifies against loss by cyclone, tornadoes and wind storms only, does not adduce any proof whatever to show that the wreck of the church insured under said policy was caused by wind storm, and the alleged proof is held subject to your order.  I remain, Yours very truly, Geo. J. Delmege, Pres.

Suit was brought upon the policy, and, among other things, defendant pleaded that plaintiff's interest in and to the building and premises was not sole and unconditional; that as a matter of fact he has no interest therein, and has suffered no injury on account of the loss.   In an amendment to his petition, plaintiff pleaded as follows: "That plaintiff is now and was at all times mentioned in plaintiff's petition the Bishop of the Roman Catholic Church in and for Dubuque diocese in which Winneshiek County is situated, and that he brings this action in his representative capacity as such bishop, and that defendant issued the policy sued on herein with knowledge of said fact."

Defendant then answered, saying that it insured plaintiff as the sole and unconditional owner of the property, and that if he was not such owner this policy is void by reason of the following stipulation quoted therefrom:  "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if the interest of the insured be other than unconditional and sole ownership;  .  .  .  or if the subject of in-

surance be a building on ground not owned by the insured in fee simple and the title be not evidenced by deed."

Upon these issues and the testimony adduced, the trial court gave the following instruction with reference to the validity of the policy: "Defendant for one defense alleges that plaintiff was not the sole and unconditional owner of the property insured, as required by the terms of the policy. The burden is upon the defendant to establish this defense by a preponderance of the evidence. Upon this question you are instructed that if you find that the plaintiff is the bishop of the Roman Catholic Church, in and for Dubuque diocese, in which Winneshiek County is situated, and find that said Bishop Keane holds the record title to all the property of said church in such diocese, and that defendant's agent who wrote the policy in question and issued the same understood such to be the fact, and that he was insuring church property so owned, then, for the purposes of this action, the plaintiff was the owner of the property and the proper party to bring this action."

I.  This instruction is challenged, and this raises the principal question in the case. There can be no doubt under the record that plaintiff as bishop held the legal title to the property, doubtless as trustee, and that the nature of his ownership was fully known to the recording agent who issued the policy. The policy to the knowledge of the agent was issued to plaintiff, not as an individual, for his name is John J. Keane, but to him in his representative capacity as Bishop Keane. If there be any error in the form of the policy, defendant's agent is responsible for this, and defendant can not take advantage thereof. *McMurray v. Ins. Co.,* 87 Iowa, 453. The record shows that title to the property was conveyed by the trustees and executors of the last will and testament of John Hennessy, deceased, late Archbishop of Dubuque, and the conveyance

<div style="margin-left:2em; font-variant:small-caps; font-size:smaller">
1. INSURANCE:<br>
forfeiture:<br>
waiver of<br>
conditions as<br>
to title:<br>
estoppel.
</div>

itself is apparently of an absolute title.  If it were in trust as defendant contends, its recording agent knew of that fact when he issued the policy, and attempted to write such a policy as would cover plaintiff's interest, whether absolute or in trust.  Such being the fact, defendant is in no position to claim that plaintiff had no insurable interest, that he was not the owner of the property, or that the policy never had any validity because of the clause relating to the nature and character of the title held by the assured.  *Caraher v. Ins. Co.,* 136 N. Y. 645 (32 N. E. 1015).  See, also, *Bonham v. Ins. Co.,* 25 Iowa, 328; *Lamb v. Ins. Co.,* 70 Iowa, 238.

In the *Lamb* case, *supra,* it is said: "But, assuming for the present that the assured correctly stated his title in the application, and the company, with full knowledge, accepted and assumed the risk, it should not now be permitted to say that the policy was void when issued.  The defendant knew when it issued the policy that the assured did not own the fee simple title to the real estate, and it knew precisely what title he had, and so knowing issued the policy.  If there was a false statement, the defendant so knew, and must be held to have waived the conditions of the policy in this respect.  It is said, however, that the false statement is not contained in the policy, and therefore, because of the terms of the policy, the defendant can not be said to have waived its conditions.  But the application is made a part of the policy in the same sense as if it was set out at length on the face thereof, and the defendant is bound thereby."  See, as further sustaining these views: *Rochester Loan & Bank Co. v. Ins. Co.,* 44 Neb. 537 (62 N. W. 878, 48 Am. St. Rep. 745); *National Fire Ins. Co. v. Lumber Co.,* 217 Ill. 115 (75 N. E. 450, 108 Am. St. Rep. 239), and cases cited in note; *Dalton v. Ins. Co.,* 126 Iowa, 385.

There was no error in the instruction given by the trial court with reference to this issue.

II.  The proposition just discussed is the main one re-
lied upon, and the decision thereof settles many collateral
questions relied upon by appellant, which need not be no-
ticed in detail.  The next point is that the
testimony fails to show that the loss and
damage was due to one of the causes men-
tioned in the policy.  This was a question of fact for the
jury under proper instructions, and with its conclusion we
should not interfere.  The instruction given by the trial
court with reference to this issue was clear and concise,
and there is no merit in defendant's contention that it is
erroneous, or that further instructions should have been
given upon the subject.

2. APPEAL:
verdict: con-
clusiveness.

III.  It is said that as the congregation, with plain-
tiff's help, rebuilt the church before this suit was brought,
or at least before the trial thereof, plaintiff has suffered
no loss, and therefore can not recover.  But
this is manifestly incorrect, and the cases
cited in support of the proposition (Chicka-
saw v. Weller, 98 Iowa, 731, and Kennedy
v. Ins. Co., 119 Iowa, 29), are not in point.  The proposi-
tion itself needs no answer.  No one has settled or recom-
pensed plaintiff for the loss suffered under the policy.

3. SAME:
rebuilding
of property:
liability of
company.

IV.  The trial court instructed the jury that as with-
in the sixty days allowed for making proofs of loss defend-
ant denied all liability under the policy by the letter which
we have quoted, it waived the necessity of
further proofs.  In this there was no error.
The facts constituting such waiver were
pleaded in the petition, and the rule of law is correct.
No citation of authority is needed in support of so plain
a proposition.

4. SAME: proof
of loss:
waiver.

V.  Plaintiff claims that the church was destroyed
by a storm occurring on June 20, 1908, and he intro-
duced testimony showing the character and extent of the

storm. Part of this was from a witness by the name of Ross Burr, who lived nine miles away from the church. He was, however, within the path of the storm, and there was no error in admitting his testimony. The weight of it was for the jury.

**5. SAME: evidence: cause of loss.**

VI. Lastly defendant complains of rulings of the trial court denying him the right to have witnesses who were at the church, or the wreck thereof, some seventy days after the destruction thereof, and after a large part of the wreckage had been removed, testify as to what evidences they saw of lightning. In view of the change of conditions and the remoteness of time, the trial court did not err in sustaining the objections to the offered testimony.

**6. SAME.**

Having considered all the propositions made for appellant in the brief and argument presented by counsel, and finding no prejudicial error, the conclusion follows that the judgment must be, and it is, *affirmed.*