**JACOBS et al. v. VOLNEY FELT MILLS, Inc.**

Civil Action No. 232.

District Court, N. D. Indiana, South Bend Division.

Oct. 7, 1942.

Seymour Jansen, of Mishawaka, Ind., for plaintiffs.

Jones, Obenchain & Butler, of South Bend, Ind., for defendant.

Warner W. Gardner, Sol. Department of Labor, and Roy C. Frank, Asst. Sol. Department of Labor, both of Washington, D. C., and Frank J. Delany, Acting Regional Atty., and Philip E. Byron, Jr., both of Chicago, Ill., for intervenor, L. Metcalfe Walling, Adm'r Wage and Hour Division.

SLICK, District Judge.

Plaintiffs, Harry E. Jacobs, and twenty-five others, filed suit against the defendant in the State Court. The complaint was filed December 31, 1940. February 10, 1941, a removal was asked by the defendant and granted. The removal was docketed in this Court March 8, 1941. Motion was made by the Administrator of the Wage and Hour Division, United States Department of Labor, that he be permitted to intervene. This motion was filed July 24, 1942. Thus it will be seen that the motion to intervene was not filed for two and a half years after the proceeding was docketed in the State Court, and sixteen months after the removal was docketed in this Court. This does not appear to the Court to be a timely application. Rule 24 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S. C.A. following section 723c, provides for timely application.

The Court has been favored by briefs of the petitioner and of the defendant. The defendant is objecting to the granting of leave to intervene. The brief of the defendant was filed in the Clerk's office August 28, 1942. In the Clerk's file is found a brief signed by Messrs. Gardner, Frank, and Delany, but there is no mark on the brief indicating when it was filed. A document entitled reply brief is marked filed September 30, 1942, but this document does not bear the signature of any of the attorneys. Waiving these irregularities, however, I have read all the briefs, and I can see no good reason why the Administrator should be permitted to intervene.

The suit in question is a straight suit for damages, alleging that plaintiffs worked more than the statutory period of time fixed by the Wage and Hour Law, 29 U.S.C.A. § 201 et seq., and asking for a money judgment for damages, together with attorneys' fees. Petitioner has no claim or interest in the result of this simple suit for recovery of a money judgment. It can have no effect whatever on the administration of the Wage and Hour Law or on any suit pending in any court.

Counsel for plaintiffs stated in open court this morning, October 5th, when the case was called for setting, that before he entered this suit he requested the representatives of the Administrator of the Wage and Hour Division of the Department of Labor to institute a suit, but that they rejected his request and refused to be interested, and

that after this rejection he filed the complaint. Now, after two and a half years' delay, counsel for the Administrator seem very anxious for some reason undisclosed to intervene in the trial of this case. The plaintiffs are adequately represented by reputable counsel and I am of the opinion that it is not necessary that anyone be permitted to intervene as between plaintiffs and the defendant to insure to the plaintiffs that all their rights will be protected.

For this reason the petition to intervene should be and is denied.