FOXBILT, Inc., a Corporation, Plaintiff,

v.

CITIZENS INSURANCE COMPANY OF NEW JERSEY, a Corporation, Defendant.

Civ. A. No. 2–497.

United States District Court, S. D. Iowa, Central Division.

Jan. 17, 1955.

Brody, Parker, Miller, Roberts & Thoma, Des Moines, Iowa, for plaintiff.

Bannister, Carpenter, Ahlers & Cooney, Des Moines, Iowa, for defendant.

RILEY, District Judge.

This action to recover on a fire insurance policy was removed here because of diversity. Defendant insured plaintiff against loss by fire by a policy issued July 21, 1951, to which was added, on January 19, 1953, an endorsement insuring improvements and betterments to building not owned by insured and agreeing, in the event of loss thereof, to accept and consider plaintiff the sole and unconditional owner, despite any contract or lease to the contrary.

The premises in which plaintiff had installed the improvements and betterments were occupied under a lease which had permitted this to be done at plaintiff's expense, with the right at termination to remove only the air conditioning unit. There was a fire clause permitting termination if damage by fire made the premises unusable for more than 90 days, and which provided that if the premises were repairable in 90 days the lessor could repair and the plaintiff would resume payments of rent. The lease expires November 30, 1955. Plaintiff has two renewal options, each for two-year periods, at an increase in rental of approximately $115 per month.

A fire occurred September 6, 1953. Plaintiff moved to other quarters. Less-or repaired the premises over a period of 102 days without cost to lessee. Defendant paid part of the loss to plaintiff under its policy and tendered what it claimed to be the balance, but declined to pay plaintiff's demand under the improvements and betterments endorsement, claiming that because of complete restoration by the lessor plaintiff suffered no damage and is entitled to no recovery.

The essential facts are admitted or stipulated, including those as to the issuance of the policy, the endorsements, that fire occurred without fault of plaintiff or the landlord, that repairs were made by the lessor, and the amount of recovery is agreed upon if recovery is allowed.

■ It is recognized that the substantive law of Iowa is controlling, and counsel agree that the Supreme Court of Iowa has not squarely decided the exact question. The court independently has found no decision directly on the question. It is nevertheless the duty of this court to decide the controversy between the parties. Propper v. Clark, 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480; Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9. If this court believed that the public policy of Iowa was involved, the case would be remanded to permit the parties to secure an expression from the Supreme Court of Iowa, or it would be abated while they acted otherwise to that end. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Alabama Public Service Comm. v. Southern R. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002; Green v. Phillips Petroleum Co., 8 Cir., 119 F.2d 466. The court believes the only question here involved concerns the right of plaintiff to recover under its insurance contract. What this court may decide is but a forecast, not a determination, of Iowa law and will decide only the issues presented. It will be an attempt to draw permissible conclusions from previous Iowa decisions. Buder v. Becker, 8 Cir., 185 F.2d 311;

Western Casualty & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40; National Bellas Hess, Inc., v. Kalis, 8 Cir., 191 F.2d 739.

Defendant, in support of its thesis that the restoration by the landlord relieved Foxbilt of any loss and consequently precludes recovery, cites authorities from New Jersey, Illinois, Minnesota, Wisconsin and Texas, and devotes one division of its brief to the subject of wagering contracts, citing the Iowa case of Hessen v. Iowa Auto. Mut. Ins. Co., 195 Iowa 141, 190 N.W. 150, 152, 30 A.L.R. 657. The Iowa court found in that case that there was no insurable interest because the automobile covered by the policy was a stolen car. The court said:

> "if a person has no interest, legal or equitable, in the thing insured it is viewed in law as a mere wager, and the courts will not enforce such a contract."

In the case at bar the improvements and betterments were in a leased building, the lease was in existence, plaintiff's rights under it were ascertainable. Both parties recognized both the leasehold and plaintiff's insurable interest, and attempted to write a policy to cover it, as is disclosed by the language of the policy itself. It was said in Keane v. Century Fire Ins. Co., 150 Iowa 658, 663, 130 N.W. 724, 726:

> "Such being the fact, defendant is in no position to claim that plaintiff had no insurable interest, that he was not the owner of the property, or that the policy never had any validity because of the clause relating to the nature and character of the title held by the assured."

See also Hult v. Home Life Ins. Co., 213 Iowa 890, 909, 240 N.W. 218, as to wager contracts. This court believes that the question of a wager contract is not in the case, nor is the question of public policy. If public policy was believed to be involved, we should not proceed because certainly it cannot be claimed to be a function of this court to determine or declare the public policy of the State of Iowa.

Turning now to Iowa decisions, it appears that as long ago as 1861 the Supreme Court of Iowa in Stout v. City Fire Ins. Co., 12 Iowa 371, at page 385, which was an action by the assignee of a policy of fire insurance, said:

> "We are unable to see why the contract to take risks may not be treated as any other contract or stipulations mutually binding upon the parties thereto, unless it is tinctured with fraud, is against the policy of the country, or in some manner contravenes the law. Why may not parties to a contract fix their own terms, as well as the time of bringing suit, or any other ingredient entering therein. It is a matter of mutual agreement. * * * a contract of insurance is treated like any other contract; and the same rules of construction must govern it. To construe this policy, we must take our standpoint where the parties themselves stood, consider each and all of its parts, and if there are conflicts in the different provisions of the policy, then the facts and circumstances surrounding the transaction must determine how the parties themselves understood it, and that construction must prevail."

Paraphrasing the Stout case, there is here no basis to find that this contract of insurance is tinctured with fraud, is against the policy of the country, or in any manner contravenes the law. The parties, by a contract voluntarily made between themselves, caused a certain property interest of plaintiff to be insured. By the policy defendant agrees that it "does insure Foxbilt, Inc., and legal representatives to the extent of the actual cash value of the property at time of loss * * * against all direct loss by fire * * * except as hereinafter provided." It is then hereinafter provided in the endorsement insuring the improvements and betterments that defendant "agrees to accept and consider

the assured in the event of loss in the position of sole and unconditional owner of such improvements and betterments, any contract or lease the insured may have made to the contrary notwithstanding." The contract is unambiguous. Plaintiff paid, and defendant still retains the premium. There is no doubtful language. The effect of that for which defendant contends effects a forfeiture of the rights of plaintiff under the endorsement. In Parker v. Iowa Mut. Tornado Ins. Ass'n, 220 Iowa 262, 264, 260 N.W. 844, 846, it was said:

> "In the consideration of this case, it must be remembered that the general rule of construction in relation to insurance contracts is that they are to be most strongly construed against the insurer and in favor of the insured, especially where forfeiture is involved, so that indemnity will be granted rather than denied." (Citing many cases.)

Defendant's defense, that since the improvements and betterments were restored by the landlord, plaintiff has sustained no loss, violates the insurer's promise to accept and consider plaintiff in the event of loss in the position of sole and unconditional owner of such improvements and betterments, any contract or lease to the contrary notwithstanding. "Loss" the court interprets to mean the happening of the catastrophe in anticipation of which the policy was written.

Again paraphrasing the Stout case, it is the duty of the court to attempt to determine how the parties themselves understood the contract and, in doing so, to consider all of the provisions of the policy. The nearest to a precedent in the Iowa reports is found in Keane v. Century Fire Insurance Co., 150 Iowa 658, 130 N.W. 724. The policy in suit there was issued by one of defendant's agents, naming "Bishop Keane" as the insured and describing the property as a church building in a certain location in Winneshiek County, Iowa. The Bishop was a resident of Dubuque. Title to all diocesan church property resided in the Bishop. The defendant insurer declined to pay, pleading that the plaintiff's interest was not sole and unconditional, that as a matter of fact he had no interest in the property and had suffered no injury on account of the loss, because the congregation had rebuilt the church. The opinion recites, 150 Iowa at page 662, 130 N.W. at page 727:

> "It is said that as the congregation, with plaintiff's help, rebuilt the church before this suit was brought, or at least before the trial thereof, plaintiff has suffered no loss, and therefore cannot recover. But this is manifestly incorrect, and the cases cited in support of the proposition are not in point. The proposition itself needs no answer. *No one has settled or recompensed plaintiff for the loss suffered under the policy."* (Emphasis added.)

Another landmark which might indicate the direction of travel, is provided by Schmidt v. Hauer, 139 Iowa 531, 111 N.W. 966. It is true it involved the rights of a beneficiary in a policy of life insurance in a fraternal organization, but it indicates the recognition by the Iowa court of the dignity of an insurance contract voluntarily made between parties. A certificate of insurance had been issued to Mathias Hauer, who named his wife, Hannah, as beneficiary. Before his death they were divorced. No change was made in the name of the beneficiary. His administrator sought to recover the proceeds of the certificate, but the court held that although the insurable interest or relationship of the beneficiary had ceased, unless the policy otherwise provided or the insured had exercised his right to make a change of beneficiary, the contract should govern. The court said 139 Iowa at page 536, 111 N.W. at page 968:

> "But we have a contract to deal with, and recovery is sought on that contract as matter of right."

The court sustained the contract. This decision followed the same rule declared in White v. Brotherhood of American Yeomen, 124 Iowa 293, 99 N.W. 1071, 1072, 66 L.R.A. 164, where the contest was between the widow and the divorced wife, who was the beneficiary named in the certificate and who at the time the certificate was issued was his legal wife. There also the Supreme Court of Iowa said:

"True, the member had the right to change his beneficiary, but he did not do so, nor attempt to do so, and we see no reason why *we should change the contract* and deprive the appellant of the provision which was thus made for her." (Emphasis added.)

Likewise, in interpreting another insurance contract on the life of an officer of a corporation named as the beneficiary in the policy, it was held that the corporation was entitled to recover even though the insured had at the time of his death severed his official relation with the corporation and there was no insurable interest. Reilly v. Penn. Mut. Life Ins. Co., 201 Iowa 555, 207 N.W. 583. These cases are cited for the purpose of showing how implicitly the Supreme Court of Iowa recognizes the integrity of an insurance contract voluntarily made between the parties, and refuses to rewrite it under issues such as are made in the case at bar. In the case of Keane v. City Fire Ins. Co., supra, where it was claimed that the named insured had sustained no loss because of the restoration of the church by its members, the court nevertheless recognized the right of the insured to enforce the provisions of the contract. In the case at bar it was a matter of contract between the parties that plaintiff would be accepted and considered in the position of sole and unconditional owner of the insured property, any contract or *lease* it might have made to the contrary notwithstanding.

The lease, which the court has admitted in evidence, expires by its terms November 30, 1955. There is no evidence as to whether the repair by the landlord was done to avoid the termination permitted by the fire clause and to induce plaintiff to continue the tenancy and to exercise the options at the increased rental. It is a proper inference that the landlord considered herself obligated by the fire clause to repair the premises. It is also a proper inference that the landlord considered plaintiff so desirable as a tenant as to disregard the 90-day termination clause and restore all the damage, including the air conditioning unit which, but for the fire, plaintiff could have removed from the premises on termination. Also it is a proper inference that had plaintiff elected to terminate under the fire clause it could have collected the insurance from defendant. It may be inferred, too, that the landlord had insurance on these same improvements and betterments, which were a part of her premises, and in which, therefore, she had an insurable interest. If the lease had been terminated consistent with the fire clause, it does not follow that defendant could have denied recovery to plaintiff because plaintiff's former landlord had recovered insurance on the same improvements and betterments from another insurer. It is possible that the lessor might have been prompted by a desire for further extensions of the lease after 1959 by the same tenant. It is possible also that the lessee, who under the lease had the privilege of removing the air conditioning unit at the expiration of the lease, now may be denied that privilege, and if unable to collect this insurance, will be deprived of reimbursement for the value of that item of equipment. These are but inferences. This court cannot decide what motives prompted lessor to repair the premises, nor determine that there was only profit and no detriment to plaintiff therefrom either by way of rent paid, or future lease adjustments or otherwise. The liability of the insurer was created under a contract. That contract neither provides in terms nor gives benefits to the insurer because of good faith transactions between plaintiff and its lessor.

As was said in New England Gas & Electric Ass'n v. Ocean Accident & Guarantee Corp., 1953, 330 Mass. 640, 116 N.E.2d 671, the lessor might have intended to make a gift or to protect or enhance her reputation with plaintiff as a landlord, or might ultimately, as a condition of some favor to be granted under the lease, attempt to charge for these restored improvements and betterments. The question is, does the act of the landlord diminish the liability of the insurer to pay for the value of the property destroyed or damaged? I think not. In the New England Gas case the Supreme Court of Massachusetts held that the fact that a company which replaced a damaged spindle in a turbine for the gas and light company did not bill the company for the cost of replacement, did not free the insurer from its liability under a policy covering damage to the turbine to pay the gas and light company the cost of replacing the spindle.

The Supreme Court of Pennsylvania considered a like question in Heidisch v. Globe & Republic Ins. Co., 368 Pa. 602, 84 A.2d 566, 567, 29 A.L.R.2d 884. That was an appeal by plaintiffs in an action against insurer under a fire insurance policy from judgment on the pleadings for defendant. The court held that an owner of property which had been condemned by eminent domain, the title to which had not yet passed to the condemnor, had an insurable interest entitling him to compensation from a fire insurance company upon the loss of the building by fire. Defendant argued that plaintiff suffered no loss for the fire. The amount of the award was in no way affected. Quoting from another case, the court said in the opinion that:

" 'The loss the company contracts to remedy is the fire-created depletion of the insured's assets, and that is made up not by the erection of a duplicate of the building destroyed but by paying the insured *its value in money*. This liability the insuring companies cannot escape by anything any third party may later do for the insured's benefit.' "

The property owner was permitted to recover.

The analogous case which plaintiff urges in support of its right to recover is Alexandra Restaurant v. New Hampshire Ins. Co., 297 N.Y. 858, 79 N.E.2d 268. Counsel for plaintiff considers the case squarely in point with the factual situation at bar and quotes it at considerable length in the brief submitted. The opinion in the appellate division states well this court's first impression by saying:

"On first impression this contention (that the landlord had restored the improvements in the premises and therefore was no loss to be paid by the insurer) appears plausible and even persuasive to prevent an apparent double indemnity or an apparent profit to an insured because of a fire when the insured has the benefit of two independent contracts, one with the insurance company and the other with a third party. But on further analysis and in the light of New York case law, this impression must yield to the rule laid down by controlling authorities."

Among other things, the opinion says that the parties made the value of the property insured, within the limit, the measure of the insurer's liability, and adds: " 'the contract relations between the plaintiffs and the contractors is a matter in which the defendant has no concern.' " It is further said:

" 'The fact that improvements on land may have cost the owner nothing, or that, if destroyed by fire, he may compel another person to replace them without expense to him, or that he may recoup his loss by resort to a contract liability of a third person, in no way affects the liability of an insurer, *in the absence of any exemption in the policy.*'

"*In the policy before us there is no such specific exemption.*" (Emphasis added.)

The foregoing quotations and comments are from the opinion in the appellate division, 272 App.Div. 346, 71 N.Y.S.2d 515, 518. The judgment was affirmed by a memorandum opinion in the Court of Appeals, 297 N.Y. 858, 79 N.E.2d 268.

 The court finds plaintiff had an insurable interest. It was voluntarily agreed that despite any contract or lease of the insured, defendant would treat plaintiff as the sole and unconditional owner in the event the hazard insured against occurred. Following the trend of the Iowa cases, and particularly Keane v. Century Ins. Co., and the decisions in other courts, this court must hold that the defendant insurer will not be permitted to repudiate its obligation because of the fact that plaintiff derived certain benefits by reason of the lease between it and its landlord. This court is not only not privileged to write into the contract between the parties exemptions or exceptions which they saw fit not to include, but also it may not ignore the express provisions they inserted in the contract. In the circumstances disclosed by the record, the court finds that the plaintiff is entitled to have the benefits of the contract between it and the defendant and to recover the agreed balance with interest and costs.

The court adopts as its Findings of Fact and Conclusions of Law contemplated by Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the stipulations of the parties, and the findings and conclusions set forth in the foregoing memorandum.

The Clerk will enter the following

Judgment.

This cause was tried to the court on an agreed stipulation of facts, orally argued by counsel and briefs were submitted November 23, 1954. At the court's request the stipulation was supplemented on January 10, 1955. The court, after due and full consideration of the record, finds that the plaintiff is entitled to recover; and

It Is Therefore Ordered and Adjudged that plaintiff is hereby awarded judgment against the defendant in the amount of $14,906.22, with interest at the rate of 5% per cent per annum from January 5, 1954, and the costs of this action.

Defendant excepts.