Elta MEDD, Roger Medd, as Administrator of the Estate of Rose Medd, Deceased, Ronald Medd, and John Medd, a Minor by Elta Medd, his father and next friend, Plaintiffs,

v.

Louise WESTCOTT, Defendant.

No. 62–C–17 (960).

United States District Court
N. D. Iowa, E. D.

Jan. 10, 1963.

Robert C. Tilden, Cedar Rapids, Iowa, for plaintiffs.

Caryl W. Garberson, Wayne C. Collins, Cedar Rapids, Iowa, for defendant.

McMANUS, Chief Judge.

This matter is before the court upon defendant's Motion to Dismiss Division III of plaintiffs' Complaint, filed June 23, 1962, and upon Vera Tackabury's Motion to Intervene, filed November 13, 1962.

From the record it appears that on November 15, 1961, this action was filed by the plaintiffs in the District Court of Iowa, in and for Black Hawk County at Waterloo, Iowa, and removed to this court by defendant on November 28, 1961. Plaintiffs, citizens of Iowa, are seeking damages from the defendant, a citizen of New York, as the result of personal injuries and property damage suffered in a motor vehicle collision between a car driven by defendant Louise Westcott and a car driven by minor plaintiff, John Medd, and owned by plaintiff, Elta Medd. The collision occurred on August 11, 1961, on U. S. Highway 30 near the intersection of U. S. Highways 30 and 218 in Benton County, Iowa. Passengers in the Medd car were plaintiffs Elta Medd, Ronald Medd and Rose Medd. Rose Medd, now deceased, was the wife of plaintiff Elta Medd. At the time of the filing of this action, Rose Medd was a party plaintiff, but because of her death on December 23, 1961, her administrator, Roger Medd, was subsequently substituted as a party plaintiff. Vera Tackabury, who seeks to intervene, was a passenger in defendant Westcott's car.

Plaintiffs' Petition (complaint) contains six Divisions. Division I, as amended, seeks damages to her estate in the sum of $50,000.00 for the wrongful injury and death of Rose Medd, including the loss of her services as both a wife and mother. In Division II, plaintiff Elta Medd seeks damages in the sum of $5,450.00 for his personal injury and property damage. In Division III, plaintiff Elta Medd seeks damages in the sum of $15,000.00 for loss of "aid, services, love and affection, society, companionship and consortium" as a result of his wife Rose Medd's personal injuries. In

Division IV, plaintiff Ronald Medd seeks damages in the sum of $2,500.00 for personal injuries. In Division V, plaintiff John Medd, by Elta Medd, his father and next friend, seeks damages in the sum of $2,000.00 for personal injuries. In Division VI, plaintiff Elta Medd seeks damages in the sum of $500.00 for medical and hospital care of minor plaintiff, John Medd, and for loss of future earnings of said minor during his minority.

## MOTION TO DISMISS DIVISION III

By her Motion, defendant seeks to dismiss Division III, plaintiff Elta Medd's claim for loss of consortium, on the ground that said Division fails to state a claim upon which relief can be granted.

The court FINDS that Rose Medd, deceased wife of plaintiff Elta Medd, lived four months and twelve days after the collision. The central question raised by the Motion is: Is plaintiff husband, under the circumstances of the case, entitled to damages for loss of consortium?

In administering diversity jurisdiction, a federal trial court must apply the law of the state where the tort occurred in identifying items of injury or loss which may be recovered as damages. Lebeck v. William A. Jarvis, Inc., 250 F.2d 285, 3 Cir.; Truitt v. Gaines, D.C., 199 F.Supp. 143; Aetna Insurance Company v. Barnett Brothers, Inc., 289 F.2d 30, 8 Cir.

§ 613.11 Code of Iowa 1958, I.C.A., after eliminating disabilities or restrictions of women to bring actions for damages because of wrongful injuries or death, goes on to provide:

"In addition she, or her administrator for her estate, may recover for physician's services, nursing and hospital expense, and the value of her services as wife, or mother, or both, as the case may be, in such sum as the jury deems proper; provided, however, recovery for these elements of damage may not be had by the husband, as such, of any woman who, or whose administrator, is entitled to recover same."

Defendant contends that by virtue of this section, since Rose Medd's administrator in Division I, as amended, is seeking damages for the loss of her services as both a wife and mother, the claim of her husband in Division III is now barred and should be dismissed.

This court has been unable to find a case in which the Supreme Court of Iowa has ruled directly on this question where a deceased spouse survived injuries for more than a few minutes, hours or days. See Lampe v. Lagomarcino-Grupe Company, 251 Iowa 204, 100 N.W.2d 1 (minutes); Lewis v. Maddy, 187 Iowa 603, 174 N.W. 346 (one hour); Lane v. Steiniger, 174 Iowa 317, 156 N.W. 375 (several hours); Mowry v. Chaney, 43 Iowa 609 (three days). (In these cases, the Iowa court does appear to be committed to the rule that damages for loss of consortium must stop with the period of the deceased spouse's existence, which in the case at bar, at most would be a period of four months and twelve days.)

It might well be said that the law in Iowa is somewhat in doubt on this question. It is nevertheless the duty of this court to decide the controversy between the parties. Foxbilt, Inc. v. Citizens Insurance Company of N. J., D.C., 128 F.Supp. 594, and endeavor to determine what the Supreme Court of Iowa would declare the Iowa law to be were this case before it. Village of Brooten v. Cudahy Packing Company, 291 F.2d 284, 8 Cir.; Citizens Insurance Company v. Foxbilt, Inc., 226 F.2d 641, 8 Cir. What this court may decide is but a forecast, not a determination of Iowa law. Foxbilt v. Citizens Insurance Company of N. J., supra.

In Lampe v. Lagomarcino-Grupe Company, supra, the Iowa court, quoting extensively from the earlier cases, leaves this court with the impression that if confronted with the case at bar, it would hold that the plaintiff Elta Medd has an

independent action not eliminated by § 613.11, for the loss of the deceased wife's "love and affection, society, companionship and consortium" for the period of four months and twelve days elapsing between injury and death. This court cannot predict that the Iowa court would call such a period of time "inconsiderable" or "nominal." See also 21 A.L.R. 1523 and 41 C.J.S. Husband and Wife § 401c(5) p. 899. It is therefore

ORDERED

That defendant's Motion to Dismiss is overruled. The words "aid, services," in line 4 of paragraph 3, Division III of the Petition (complaint) are stricken.

### MOTION TO INTERVENE

On November 13, 1962, Vera Tackabury, passenger in defendant's car, filed a Motion for leave to intervene as a defendant in this action in order to assert her claim against plaintiffs, Elta Medd and John Medd, for damages to her person and property in the sum of $10,051.15 resulting from the collision. Permission to intervene is sought under Rule 24(b) (2), Federal Rules of Civil Procedure, the pertinent portions of which are as follows:

> "(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: * * * or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Under this provision, intervention is not a matter of right but is discretionary with the court. Miami County National Bank of Paola, Kansas v. Bancroft, 121 F.2d 921, 10 Cir., 2 Barron & Holtzoff, Federal Practice and Procedure, § 591. As noted from the rule, the application to intervene must be timely and whether timely, is also in the discretion of the court. Washington Gas Light Co. v. Baker, 90 U.S.App.D.C. 98, 195 F.2d 29, 2 Barron & Holtzoff § 594. There is some doubt in the court's mind whether Vera Tackabury's application to intervene, filed approximately twelve months after removal, is timely, Jacobs v. Volney Felt Mills, D.C., 47 F.Supp. 493. However, assuming the application is timely, the pleading which she proposes to file, if granted the right to intervene, asserts no defense against the complaint in the main action. Intervenors are required generally to join with either party and resist the claim of the other or they may oppose both. Lesnik v. Public Industrial Corporation, 144 F.2d 968, 2 Cir. Though Vera Tackabury's claim may have questions of law or fact in common with the main action, she has other adequate means of asserting her rights in a separate suit which are not at this time barred by the Iowa Statute of Limitations.

In the case of Kauffman v. Kebert, D.C., 16 F.R.D. 225, where passengers in defendant's car sought to intervene as defendants in a motor vehicle collision action for the purpose of asserting their claims against plaintiff, the United States District Court for the Western District of Pennsylvania, in denying permission to intervene said:

> "It seems that the applicants here are seeking a shortcut to a lawsuit. They have no interest in the main suit, not being bound by the result thereof, but it appears they desire to step aboard the present going lawsuit as a matter of convenience in the trial of their own case for damages against plaintiff. They have a right to bring a separate suit. This, however, should not be confused with the right to intervene."

Appeal of the Kauffman case was dismissed by the Third Circuit Court of Appeals in 219 F.2d 113. In Kozak v. Wells, 278 F.2d 104, citing the Kauffman

case with approval, the Eighth Circuit Court of Appeals said:

"The rules also are not to be distorted for the convenience of the parties."

The Motion is denied.