HENDRY, Chief Judge.
This is an appeal by the plaintiff,, Morris Rosen, from a summary final judgment in favor of the defendant, Fireman’s Fund Insurance Company.
Plaintiff was injured while on the premises of Marshall D. Simons and Sheldon M. Simons, doing business as Simons and Simons. Simons and Simons hold an insurance policy issued by the defendant which policy includes, among other coverages, coverage for bodily injury liability and medical payments. The medical payment provision is as follows:
“The company agrees with the named insured to pay all reasonable expenses incurred within one year from the date of accident for necessary medical, sur *396 gical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident and arising out of the ownership, maintenance or use of premises by the named insured and the ways immediately adjoining, or operations of the named insured, subject to the following provisions
Pursuant to a settlement agreement, plaintiff executed a release in favor of Simons and Simons releasing them from all claims including but not limited to all claims for personal injuries, medical expenses and loss of income as a result of the accident under consideration.
Subsequently, plaintiff demanded payment of medical expenses pursuant to the medical payment provisions, but the defendant refused payment. Thereafter, the plaintiff initiated this action.
Plaintiff contends that the lower court erred in granting defendant’s motion for summary judgment on the ground that the medical payment provision constitutes a separate and independent insurance coverage under which recovery is allowed notwithstanding a prior recovery under the general liability provision.
Both parties rely on our decision in Sims v. National Casualty Company, Fla.App. 1965, 171 So.2d 399 wherein we held that it was error to deny recovery under the medical expense clause of a policy issued to the injured plaintiff who had paid the premium for such coverage, notwithstanding the fact that such expenses were included in an arbitration award under the uninsured motorist clause of the same policy.
Judge Carroll speaking for this court «distinguished the Sims case, above, on the facts from those in the Louisiana case of Gunter v. Lord, 242 La. 943, 140 So.2d 11 (1962). The Louisiana appellate courts had been in conflict over the question of double coverage. In the Gunter case, above, the Supreme Court of Louisiana settled the question in that jurisdiction by holding that an insurer of the tort feasor need not pay an injured (other) party twice for medical expenses, but went on to point out that its holding would not be applicable to relieve an insurer of a contract to pay medical expenses to its insured who had paid the premium for such coverage. Judge Carroll indicated that “[w]e do not question the correctness of that holding on the facts of that case.” Sims v. National Casualty Company, supra, 171 So.2d at 400.
In Hack v. Great American Insurance Company, Fla.App.1965, 175 So.2d 594, we held that an injured party could recover under the medical payments clause of a family automobile policy issued to the injured party’s brother although the insurer had already paid an arbitration award for bodily injury under the uninsured motorist clause.
The defendant submits that the case before us is distinguishable from the factual situations in both the Sims case, above, and the Hack case, above, in that the plaintiff herein is a third party claimant and not an insured under the insurance contract against which a double recovery is sought.
We agree, and having previously indicated approval of the decision in the Gunter case, above, we now hold that in this situation the insurer of the tort feasor need not pay the injured party twice for medical expenses.[1]
Accordingly, the judgment appealed is affirmed.
Affirmed.

. See also: Yarrington v. Thornburg, Del.Super. 1964, 198 A.2d 181, aff’d Del.1964, 205 A.2d 1; Tart v. Register, 257 N.C. 161, 125 S.E.2d 754 (1962); Dodds v. Bucknum, 214 Cal.App.2d 206, 29 Cal.Rptr. 393 (1963).