## Krineski v. McKinney

*T. Doyle*, for plaintiff.

*I. Murphy*, for defendant.

EVANS, J., Specially Presiding, July 10, 1967.—This matter is before the court on plaintiff's motion for judgment on the pleadings specifically and exclusively with respect to a part of plaintiff's claim for medical expenses of $1,205.30. Defendant asks for a dismissal as to this part of plaintiff's claim, under the circumstances we will hereinafter outline. The problem involved is one of law concerning which the decisions in several states are not in harmony. It is submitted that Pennsylvania has no recorded case dealing with this problem, and we are unable to find any directly in point.

Plaintiff, Kathryn Krineski, in this action claims damages for injuries suffered while she was a passenger in an automobile owned and driven by her daughter, Patricia McKinney.

Patricia McKinney had insurance coverage for any negligence of hers, and also separate coverage for medical expenses which her passengers might suffer regardless of any negligence on her part. The premium she paid covered this extended protection for her passengers, and defendant's insurance carrier paid

Kathryn Krineski, without argument, these medical expenses.

In the complaint, these medical expenses are again claimed, and in the factual situation above recited, defendant contends that the Collateral Source Rule does not apply.

The Collateral Source Rule provides, in effect, that, if plaintiff's special damages, or any part thereof, such as hospital or medical expenses, are paid for by some third person either as a gift or on the basis of some contractual obligation, this circumstances does not bar plaintiff from recovering from defendant, even though it may, in effect, afford to plaintiff double benefit or a double recovery.

In Yarrington v. Thornburg, 198 A. 2d 181 (Delaware Superior Ct.) (1964), it is held that the Collateral Source Rule can have no application to defeat the right of insured defendant to credit for medical payments made to plaintiff by defendant's automobile insurer under its medical coverage provision. See also Adams v. Turner 238 F. Supp. 643 (Dist. of Columbia, 1965).

It is because defendant's premiums, with others, created the fund from which these medical payments were made that there is no reason or justice in allowing plaintiff to recover twice directly or indirectly from defendant.

Under the facts here shown, plaintiff can recover her medical expenses but once, and in the amount above set forth she has been reimbursed.

And now, July 10, 1967, judgment is entered for defendant in the amount of $1,205.30, that amount having been voluntarily paid by or in behalf of defendant to plaintiff for her medical expenses resulting from and made necessary under the facts set forth in the complaint.