## Finley v. Lohr, Jr.

*Marvin I. Lessin,* for plaintiffs.

*George J. McConchie,* for defendant.

LIPPINCOTT, J., June 17, 1968.—Minor plaintiffs, passengers in defendant's vehicle, have instituted suit in trespass by their parents for personal injuries. At the time of the accident, defendant had paid an addi-

tional premium under his liability insurance policy for payment of medical expenses incurred by injured passengers. In his answer containing new matter, defendant alleges that his insurance company paid such medical expenses of plaintiffs and that they are now barred from again recovering them in this trespass action. Plaintiffs have filed preliminary objections to the answer and new matter, which are before the court en banc for disposition*.

The court is thus called upon to decide whether a plaintiff, whose medical expenses have been paid by defendant's insurance carrier, is precluded from recovering the same expenses in a trespass action for personal injuries.

At the outset, it should be noted that the Pennsylvania appellate courts have not ruled upon this issue, and there is a division of authority in other jurisdictions. However, our Erie County Court in Krineski v. McKinney, 43 D. & C. 2d 295, has specifically held that plaintiff is not entitled to recover such medical expenses a second time in a trespass action. Although we are not bound by this decision, we concur in the result.

Plaintiffs cite in support of their position what they consider to be the "leading case on the subject": Severson v. Milwaukee Automobile Insurance Company, 265 Wis. 488, 61 N. W. 2d 872 (1953). By all means, Severson was the dominant case on this issue at one time. However, we no longer regard this decision as authoritative. We believe that the most logical view is that exemplified in Yarrington v. Thornburg, 198 A. 2d 181, affirmed 205 A. 2d 1 (Del. Superior Ct.), which has become the leading case in support of defendant's position.

---

* Plaintiffs have also objected on the ground that the pleading was not timely filed, but counsel at argument indicated that this point was not being seriously pressed.

The facts in Yarrington are similar to those in the case at bar. Plaintiff, a guest-passenger in defendant's vehicle, brought an action to recover damages for personal injuries. A verdict was entered against defendant, who then sought credit for medical expenses paid to plaintiff under the terms of the medical payments clause of defendant's insurance policy. The court held that such credits were properly allowed.

As was noted by the court in Yarrington, the question of whether defendant's insurance carrier had to pay the medical expenses and the full amount of its liability coverage under its contract with the assured was not an issue before the court, since the insurance company was not a party in the case. The sole question involved is whether the tortfeasor is subject to double liability for the portion of the damages he has caused to be paid.

With respect to the argument raised by plaintiffs that the Collateral Source Rule is applicable, the court in Yarrington rejected this argument, stating, 198 A. 2d 183:

"It was [Defendant's] premiums that helped to create the fund from which these medical payments were made. The plaintiff played no part in creating this separate fund. Thus, this case differs substantially from those situations where payment is made by a source wholly independent of the defendant, such as Blue Cross; . . ."

And further, 198 A. 2d 184:

". . . the plaintiff [in Dodds v. Bucknum, 29 Cal. Rptr. 393 (Cal. App.) ] relied on Severson v. Milwaukee Automobile Ins. Co., supra, but the Court held that case inapplicable because that action was between the injured person and the insurance company, which was not present in this case. In the process of arriving at its decision, the Court stated (at p. 397 of 29 Cal. Rptr.) :

" 'It thus appears that if defendant had gone to the doctor and hospital of the plaintiff and had paid out of his own pocket the indebtedness that plaintiff had incurred on account of this accident, she could not have recovered them again from him. In other words, her recovery would be diminished by the amount personally paid by defendant. It can make no difference either in principle or in justice that defendant did not pay these bills out of his own pocket but that the source of such payments was insurance purchased by defendant with his own funds for such an eventuality. It would indeed be strange if a wrongdoer who has foresight enough to cover himself with insurance, and thus in fact cause the payment of any doctor and hospital bills which his wrongful act may make necessary, should be penalized, whereas the person who does not similarly provide a fund for such contingencies should obtain the benefit if, perchance, at the time of the injury or thereafter he has the cash with which to pay and does in fact pay such expenses. It should therefore logically follow that if a wrongdoer provides a source or fund out of which the injured party's special damages are paid prior to trial the recovery of plaintiff is diminished to that extent.'

" 'But where the payment is from a collateral source with which the wrongdoer has nothing to do and to which he did not contribute at all he will not get the windfall, and the recovery against him will not be diminished by the amount the injured party has received from the collateral source. (Oleck, Damages to Persons and Property, §280)' ".

The more modern decisions are in accord with the ruling in Yarrington. See, for example: Dodds v. Bucknum, 214 Cal. App. 2d 206 (Cal.); Adams v. Turner, 238 F. Supp. 643 (D. C.); Sims v. National Casualty Co., 171 So. 2d 399 (Fla. App.); Rosen v. Fireman's Fund Ins. Co., 189 So. 2d 395 (Fla. App.); Gunter v. Lord, 242 La. 943, 140 So. 2d 11; Moore v.

Leggette, 264 N. Y. S. 2d 765; Tart v. Register, 257 N. C. 161, 125 S. E. 2d 754; Chambers v. Pinson, 6 Ohio App. 2d 66, 216 N. E. 2d 394.

With respect to the procedural problems involved, although not before us, defendant argues that plaintiffs should be prohibited at trial from presenting evidence to the jury indicating the amount of out-of-pocket medical expenses paid by defendant's insurance carrier. This, of course, would give an unfair tactical advantage to defendant since it is obvious that pain and suffering are more concretely demonstrated in conjunction with proved medical expenses. Prohibition of such evidence would thus tend to minimize the verdict. We therefore feel that it would be inequitable to prohibit plaintiff from proving such out-of-pocket medical expenses at trial.

We observe parenthetically that a future practical consequence of not allowing plaintiffs to introduce evidence of out-of-pocket medical payments previously paid by defendant's insurance carrier would be the refusal of plaintiffs to accept any such payments prior to trial. As a matter of public policy such refusal would be undesirable in that doctors and hospitals might well be delayed in receiving funds to which they are clearly entitled and which they would ultimately receive regardless of the outcome of the litigation.

We feel that the proper way to resolve this problem is for the trial judge to allow a credit after verdict to the extent of previously reimbursed medical payments. This method has been utilized in other jurisdictions: see 11 A. L. R. 3d 1115. (The jury should not be instructed to enter such credits since this would be likely to introduce improperly the fact of insurance.)

Wherefore, we make the following:

## ORDER

Now, June 17, 1968, the matter having been argued before the court en banc and upon consideration of

briefs filed by the parties, it is ordered and decreed that:

1. Plaintiffs' preliminary objections to defendant's answer and new matter be and the same are hereby overruled.

2. Plaintiffs may file responsive pleadings within 20 days from receipt of a copy of this order.