171 So.2d 399 (1965)
Doyle J. SIMS and Viola Sims, his wife, Appellants,
v.
NATIONAL CASUALTY COMPANY, Appellee.
No. 64-344.
District Court of Appeal of Florida. Third District.
February 9, 1965.
Loewenstein & Dunn and Thomas A. Horkan, Jr., Miami, for appellants.
Sherouse & Corlett and William C. Merritt, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
CARROLL, Judge.
This is an appeal by the plaintiffs below from a judgment denying certain recovery under an automobile insurance policy. There were involved an uninsured motorist coverage clause ($10,000), and a clause for *400 payment of medical expenses ($500). The policy was one issued to plaintiffs. This case did not involve a policy issued to the other party, the tort feasor.
The plaintiff Viola Sims was injured in a collision with another vehicle. The owneroperator of the latter was not insured. Plaintiffs' claims against the uninsured motorist were arbitrated and established in the amount of $4,100, plus certain costs. When plaintiffs' insurer requested that plaintiffs waive their claim for medical expenses, as a condition of its payment under the uninsured motorist clause, plaintiffs brought this action against their insurer in which they sought judgment for the amount owed by the uninsured motorist and for medical expenses. The company contended it was not liable to plaintiffs under the medical expense clause because medical expenses were included in the damages for which the uninsured motorist was liable to plaintiffs. The trial court agreed, and entered judgment accordingly. In so holding the trial court was in error.
The two coverages of the policy which were involved here were separate and independent. For example, if the third party tort feasor had been insured or otherwise solvent and had paid the damages (including medical expenses) owed by him to the plaintiffs, that would not have relieved the plaintiffs' insurer of its obligation to pay plaintiffs' medical expenses. The Louisiana case relied on by appellee (Gunter v. Lord, 1962, 242 La. 943, 140 So.2d 11) is factually different. In that case the insurance policy involved had been issued to the tort feasor. In addition to the usual coverage, it provided for payment (without regard to fault) of medical expenses of the insured and of others resulting from operation of the vehicle. There the insurer had paid medical expenses to the injured party, under that separate clause of the policy.
In the subsequent action brought by the injured party against the tort feasor's insurer (as permitted in Louisiana), it was held that medical expenses should be excluded from the damages recoverable. The reasoning there was that although the obligation to indemnify its insured for injury caused to another ordinarily would include all proper damages, and the obligation of the insurer to pay medical expenses of another party so injured under the medical expense clause was without reference to fault, the insurer of the tort feasor should not be required to pay such medical expenses both under the general damages and under the separate clause for medical expenses, because the party to whom they were being paid (who was not the insured) was not entitled to collect them twice, and especially since the latter had not paid any premium for the separate provision for payment of medical expenses.
We do not question the correctness of that holding on the facts of that case. Here, however, the insurer was not called upon to pay medical expenses owed by its insured to another party, but to comply with two separate contract provisions by which, in addition to its general obligation to indemnify the insured for damages to others, it had agreed to pay (1) the amount due insured from an uninsured driver, and (2) insured's medical expenses. Under those circumstances, the fact that the damages recoverable from the uninsured driver included medical expenses was immaterial. The insurer agreed to pay such amount as should be established as due to its insured from the uninsured driver up to the limit stated. The insurer's right of subrogation to proceed against the uninsured driver did not, as contended for by appellee, eliminate its obligation under the medical expense clause. In this case the medical expense coverage represented a contract provision of the policy, the premium for which had been paid by the injured plaintiff. In the cited Louisiana case that court, after holding that under such a policy an insurer of the tort feasor need not pay an injured (other) party twice for medical expenses, pointed out that its holding would not be applicable to *401 relieve an insurer of a contract to pay medical expenses to its insured who had paid the premium for such coverage.
We hold, therefore, that it was error to deny recovery under the medical expense clause, and that it was error to deny plaintiffs an allowance for attorney's fees as provided for in such case by § 627.0127, Fla. Stat., F.S.A.
The judgment is reversed in the respects set out above, and the cause is remanded for further proceedings and reentry of judgment in accordance with the views herein expressed.
Reversed and remanded with directions.