175 So.2d 594 (1965)
M.D. HACK, Appellant,
v.
GREAT AMERICAN INSURANCE COMPANY, a corporation, Appellee.
No. 64-951.
District Court of Appeal of Florida. Third District.
June 1, 1965.
Green & Hastings and Irma Robbins Feder, Miami, for appellant.
Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellee.
Before CARROLL, HENDRY and SWANN, JJ.
SWANN, Judge.
This is an appeal by the plaintiff below from a summary final judgment. The parties will be referred to as in the trial court.
The plaintiff was involved in an accident with an uninsured motorist while using his brother's automobile with permission and consent. The brother was not a party to the litigation, but was the owner of the automobile which was insured under a family automobile policy by the defendant. The policy contained several types of insurance, including "Part II  Expenses for Medical Services" and "Part IV  Protection Against Uninsured Motorists", for which separate premiums had been paid.
Plaintiff made a claim against the defendant for coverage under the Uninsured Motorist clause for bodily injury. The claim was arbitrated and resulted in an award to the plaintiff, which was then paid by the defendant. Thereafter, the plaintiff made demand upon defendant for payment of medical bills which were incurred as a result of the accident under the Medical Payments coverage clause. This demand was rejected by defendant and plaintiff filed suit, requesting judgment for medical expenses incurred and attorney's fees.
The defendant filed an answer, which contained no affirmative defenses, denying each and every allegation of the complaint. *595 The plaintiff moved for a summary judgment in the amount of $842.05, which was the total amount of medical bills incurred as a result of the accident. Defendant filed its motion for summary judgment and in the alternative to limit damages, together with affidavits indicating that the arbitration award was paid and that in the arbitration hearing, (under the Uninsured Motorist clause), the medical bills and reports were entered into evidence and considered in arriving at the final award. The trial court denied the motion for summary judgment, but granted the motion to limit the damages for the medical expenses which had been incurred since the hearing before the arbitrator.
Based on the previous order, the plaintiff then filed its motion for summary judgment, seeking judgment in the sum of $165.00 (the amount of the medical bills since the hearing), and a summary final judgment was granted for that amount. In addition, an award of $150.00 was granted as reasonable attorney's fees to the plaintiff's attorney for obtaining a judgment in his favor for the sum of $165.00.
Plaintiff questions the order limiting the damages to $165.00 and the amount of the attorney's fees, contending that the judgment should be for all the medical expenses incurred as a result of the accident.
The material portions of the defendant's family automobile policy involved herein are as follows:
* * * * * *
"PART II  EXPENSES FOR MEDICAL SERVICES
"COVERAGE C  MEDICAL PAYMENTS. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical * * * services:
* * * * * *
"DIVISION 2. To or for any other person who sustains bodily injury, caused by accident, while occupying:
"(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; * * *
* * * * * *
"PART IV  PROTECTION AGAINST UNINSURED MOTORISTS
"COVERAGE J  FAMILY PROTECTION (DAMAGES FOR BODILY INJURY). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.
"DEFINITIONS. The definitions under Part I, except the definition of `insured', apply to Part IV, and under Part IV:
"`insured' means:
"(a) the named insured and any relative;
"(b) any other person while occupying an insured automobile; * *"
* * * * * *
The plaintiff contends that the defendant waived its right to set up the arbitration award because of its failure to plead it as an affirmative defense in the answer. It appears this defense was raised by motion prior to the hearing. However, no objection was raised to this alleged waiver in the *596 trial court and it can not be raised for the first time by this appeal. The court in Marsh v. Sarasota County, Fla. 1957, 97 So.2d 312 stated the rule that:
"* * *
"* * * objections to procedural matters not raised in the lower court cannot be raised on appeal, and a party who fails to make timely objection to what he considers procedural irregularities at the time of trial will be deemed to have waived the same by acquiescence.
"* * *"
See also Watkins v. Riverside Military Academy, 1945, 156 Fla. 398, 23 So.2d 386.
In the recent case of Sims v. National Casualty Company, Fla.App. 1964, 171 So.2d 399, this court held that "medical expense coverage and uninsured motorist provision of automobile policy provide separate and independent coverages." The rationale of Judge Carroll in Sims, supra, was as follows:
"* * *
"* * * the insurer was not called upon to pay medical expenses owed by its insured to another party, but to comply with two separate contract provisions by which, in addition to its general obligation to indemnify the insured for damages to others, it had agreed to pay (1) the amount due insured from an uninsured driver, and (2) insured's medical expenses. Under those circumstances, the fact that the damages recoverable from the uninsured driver included medical expenses was immaterial. The insurer agreed to pay such amount as should be established as due to its insured from the uninsured driver up to the limit stated. The insurer's right of subrogation to proceed against the uninsured driver did not, as contended for by appellee, eliminate its obligation under the medical expense clause. In this case the medical expense coverage represented a contract provision of the policy, the premium for which had been paid by the injured plaintiff. * * *
"* * *"
See also Severson v. Milwaukee Automobile Ins. Co., 1953, 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R.2d 976.
There are no ambiguities in the insurance contract prepared by the defendant insurer. The language clearly shows that the insurer bound itself to make payment under the uninsured motorist coverage and under the medical payment coverage, and that it charged and received a separate premium for each. There are no provisions in the policy making these clauses mutually exclusive and there are no provisions requiring a deduction or limitation in the damages awarded under one, where damages had been awarded under the other.
It should be pointed out that the learned trial judge did not have the benefit of the Sims case, supra, as the decision appealed from was rendered prior to that case.
For the reasons stated, the decision is reversed and the cause remanded for action consistent herewith.
Reversed and remanded.