177 So.2d 47 (1965)
UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation, Appellant,
v.
Corine WILLIAMS, joined by her husband, Zell Williams, Appellees.
No. 65-35.
District Court of Appeal of Florida. Third District.
June 29, 1965.
Rehearing Denied August 9, 1965.
*48 Carey, Terry, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for appellant.
Norman F. Solomon, Miami Beach, for appellees.
Before BARKDULL, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
The appellant insurance carrier, defendant in the trial court, seeks review of an adverse final judgment, subsequent to a jury verdict, finding it liable to its policy holder under the provisions relative to uninsured motorists. The appellant has preserved for review the propriety of the trial court entertaining the action, without the submission of the matter to arbitration in accordance with the terms of the policy, and the awarding of attorney's fees.
We find no error in the action of the trial court and hereby affirm the final judgment. This is so because the question of "coverage" was put in issue by the answer to the complaint. There was no error in the trial court proceeding to permit the jury to determine the issue of liability and damages, even though the carrier conceded "coverage" at the time of the pre-trial conference. See: Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690; Zeagler v. Commercial Union Insurance Co. of N.Y., Fla.App. 1964, 166 So.2d 616.
No error is found in the trial court's striking the affirmative defense of failure to submit to arbitration when the carrier had not, in fact, requested arbitration. The appellant relies heavily on the opinion found in Bohlman v. Allstate Insurance Co., Fla. App. 1965, 171 So.2d 23. It is apparent that the cited case is not applicable to the facts here under consideration. In the Bohlman v. Allstate Insurance Co. case, supra, the parties actually submitted to arbitration and, subsequent to the award, one of the parties attempted to void same contrary to the provisions of Ch. 57, Fla. Stat., F.S.A. The question of the validity of Ch. 57, Fla. Stat. was not before the court in the case of Bohlman v. Allstate Insurance Co., supra, and has not been preserved in this case for review, and this opinion and decision is not to be considered as passing upon the validity of Ch. 57, Fla. Stat., F.S.A.
No error is found in the awarding of attorney's fees. The carrier originally denied both coverage and liability, and it was within the province of the trial court to permit an award of fees pursuant to statute. See: § 627.0127, Fla. Stat., F.S.A.
Therefore, for the reasons stated above, the final judgment here under review is hereby affirmed.
Affirmed.