184 So.2d 229 (1966)
STANDARD ACCIDENT INSURANCE COMPANY, a Corporation, Appellant,
v.
Judy A. GAVIN, Appellee.
No. G-345.
District Court of Appeal of Florida. First District.
March 15, 1966.
Rehearing Denied April 7, 1966.
*230 Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellant.
Barnes & Slater, Jacksonville, for appellee.
RAWLS, Chief Judge.
Robert Michael Gavin while engaged in the course of his employment was killed in an automobile accident due to the sole negligence of an uninsured motorist. Appellant Standard Accident Insurance Company was the carrier of decedent's automobile liability policy which contained uninsured motorist coverage, and it was also the carrier of decedent's workmen's compensation by virtue of a policy with decedent's employer, Florida Awning Company. Decedent's widow, Judy Gavin, brought this action for a declaratory judgment to settle a controversy over the limits of coverage and the liability of Standard under the uninsured motorist coverage. The insurance company appealed an adverse summary judgment.
The primary point submitted by Standard in this appeal is whether it may set off against the widow's claim under the uninsured motorist coverage the present value of the insurer's liability under the workmen's compensation policy.
In full force and effect at the time of issuing the policy was Section 627.0851(1), Florida Statutes, F.S.A., which provides:
"No automobile liability insurance, covering liability arising out of ownership * * * of any motor vehicle, shall be delivered * * * in this state * * * unless coverage is provided therein * * * in not less than limits described in § 324.021(7) [$10,000 for bodily injury or death of one person] * * *."
Decedent's policy limits for uninsured motorist coverage was $20,000 for death or bodily injury sustained by one or more persons in one accident. The policy also provided:
"This coverage shall be reduced by * * the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law. * * *
* * * * * *
"This policy does not apply under the Uninsured Motorist Coverage * * * so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier. * * *"
Standard's liability under its workmen's compensation policy is governed by Section 440.16, which applied to the facts here would be:
1. $500.00 funeral expenses.
2. To the widow, 35% of deceased's average weekly wage for a period not to exceed 350 weeks or until her death or remarriage.

*231 3. On account of one child, 15% of deceased's average weekly compensation for a period not to exceed 350 weeks, but payments shall cease when child becomes 18 years of age or upon marriage, provided that if widow dies or remarries the child shall receive 25%.
Under this provision Standard had already made payments for 41 weeks totaling $2,037.50 and by anticipating that none of the contingencies set forth in the statute  death or remarriage of the widow, etc.  would occur, it assumed that it would pay in the future $11,587.50 or a total of $13,625.00 on account of the claim of the widow and child under workmen's compensation.
Standard took the position that under her automobile liability policy Mrs. Gavin was entitled to $20,000 less the amount of workmen's compensation benefits already paid and the present value of future payments. It is apparent that such a computation would reduce Mrs. Gavin's uninsured motorist coverage below the minimum amount required by law. In support of its position, Standard relies upon two cases from foreign jurisdictions which construe policy provisions similar to the one here involved. In the Matter of Arbitration between Durant and Motor Vehicle Accident Indemnification Corporation[1] the Court of Appeals of N.Y. in a brief per curiam opinion allowed reduction in coverage by the amount actually paid as workmen's compensation benefits without discussing applicable New York statutes, if any. The Illinois case, Niekamp v. Allstate Insurance Company,[2] likewise did not discuss the statutes involved. There Niekamp was injured when struck by an uninsured motorist, Flores, who had just previously collided with an automobile driven by an insured motorist, Fitzgerald. Niekamp sued both and sought to recover against his own uninsured motorist coverage for his claim against Flores. Niekamp had already received in excess of $10,000 under the Illinois Workmen's Compensation Act, and Fitzgerald's insurance carrier had offered to settle for $17,500, out of which plaintiff would have been required by the Illinois law to reimburse the workmen's compensation carrier. It was held that reimbursement of the compensation carrier from the settlement amount would not affect plaintiff's claim under his own policy because that policy entitled him to receive only the difference between the amount of his damages, not exceeding the policy limits of $10,000, and the amount of compensation benefits paid him. In essence this case appears to hold that an injured person may recover twice for the same damages if there are two tort-feasors, but where one is insured and another is uninsured, reimbursement to the compensation carrier is required from recovery against the insured tort-feasor and in addition the plaintiff's carrier under his uninsured motorist coverage is allowed a credit against its minimum required policy limit of $10,000 for the amount of compensation benefits paid. Judgments for Allstate was affirmed because the credit exceeded its policy coverage of $10,000.
Obviously either the controlling laws in New York and Illinois are different from our Florida Statutes or else a different construction has been placed upon same. This Court is not bound to follow the decisions of a Court of some foreign jurisdiction when on established principles to which this Court and our Supreme Court subscribe, it is unable to agree with the result of the decision of the foreign jurisdiction.
*232 In Davis v. United States Fidelity & Guaranty Company[3] this Court held that the uninsured motorist statute, Section 627.0851, established the public policy of this state to be that every insured is entitled to recover under the policy for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance. Insurance companies are without power to insert provisions in the policy which would restrict the coverage afforded by the policy in a manner contrary to the intent of the statute. We would be unable to follow the decisions in the New York and Illinois cases without receding from this pronouncement.
Under Section 627.0851 neither the insurer nor the insured may contract for uninsured motorist coverage in an amount less than $10,000 on account of death or bodily injury of one person in any one accident except that the insured may reject the entire coverage. To contract for an amount of coverage which is less than the minimum required by law is repugnant to legislative policy.
That brings us to the second question. Can this insurance policy which purports to reduce the entire coverage by a certain amount be construed as allowing the reduction only to that coverage over and above the minimum required by law? We agree with the able trial judge's well reasoned opinion which concluded that the principal sum could not be reduced and adopt his following views concerning this question:
"* * * the stated limit of defendant's coverage, without any consideration being given to the provision in the policy for reducing defendant's limit of liability by reason of payments made or to be made under any workmen's compensation act, is $20,000.00, rather than the minimum limit of $10,000.00 required by the applicable statute. The Court feels it worthy of observation that in the event plaintiff had contracted with defendant to furnish her only the minimum amount of coverage required by the statute, then upon the defendant reducing the amount of its liability to the plaintiff by the amount paid and the present value of all amounts payable on account of the death of plaintiff's husband under the Florida Workmen's Compensation Law, the coverage afforded plaintiff under her policy would be completely avoided and defendant would owe to plaintiff no amount whatever because of damages she sustained on account of the wrongful death of her husband.
"It is well settled in this State that where a contract of insurance is entered into on a matter surrounded by statutory limitations and requirements, the parties are presumed to have entered into such agreement with reference to the statute, and the statutory provisions become a part of the contract. 18 Fla. Jur. 72 Insurance, Section 73; Citizen's Insurance Co. vs. Barnes, et al., (1929), 98 Fla. 133, [933], 124 So. 722; Poole vs. Travelers Insurance Company (1938), 130 Fla. 806, 175 So. 138; Zeheler [Zeagler] vs. Commercial Union Insurance Company of New York (Fla. App. 1964), 166 So.2d 616. It necessarily follows that the defendant insurance company was without power (in its policy) to limit its liability required by the statute, which imposed upon it the obligation to include in the policy coverage against injury or death for one person in any one accident caused by an uninsured motorist, limits of not less than $10,000.00. Zeheler [Zeagler] vs. Commercial Union Insurance Company of New York, supra.
"Inasmuch as the defendant was without power to limit its liability in its policy required by the statute, the policy should be construed and applied as if such limiting conditions were *233 not included therein. Such a holding finds support in the insurance code of this State, Section 627.0117(1), Florida Statutes [F.S.A.]. Upon such conditions whereby defendant attempts to limit its liability under its policy being eliminated from, or given no effect by, the policy, then the plaintiff is afforded uninsured motor vehicle coverage for the death of her husband with a limit of liability by the defendant under said policy of the stated amount of said policy of $20,000.00."
As to appellant's remaining point questioning the chancellor's award of interest on the judgment, we dispose of same by again quoting from the chancellor's final judgment:
"The Court further finds, over the objection of the defendant that the plaintiff is entitled to interest on the said sum of $20,000.00 from the date of death of her husband. Although the damages sustained by the plaintiff arose by reason of a tort committed by an uninsured motorist, plaintiff's action against the defendant is an action on her contract of insurance with the defendant and is not an action sounding in tort. Accordingly, interest is due on the amount of damages which plaintiff is entitled to recover under her contract with defendant from the date said damages were sustained and became due and payable. Florida Home Insurance Company vs. Braverman, (Fla.App. 1964), 163 So.2d 512; Huntley vs. Baya (Fla.[App.]1962), 136 So.2d 248; Parker vs. Brinson Construction Company (Fla. 1955), 78 So.2d 873; National Union Fire Insurance Company vs. Cone (Fla. 1920), [80 Fla. 265], 85 So.2d 913 [85 So. 913]."
The judgment appealed is affirmed.
STURGIS and JOHNSON, JJ., concur.
NOTES
[1] In the Matter of Arbitration between Durant and Motor Vehicle Accident Indemnification Corporation, 15 N.Y.2d 408, 260 N.Y.S.2d 1, 207 N.E.2d 600 (1965).
[2] Niekamp v. Allstate Insurance Company, 52 Ill. App.2d 364, 202 N.E.2d 126 (1964). (1964).
[3] Davis v. United States Fidelity & Guaranty Company, 172 So.2d 485 (Fla.App. 1st, 1965).