185 So.2d 487 (1966)
Eldred L. TUGGLE and Catherine Tuggle, His Wife, Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 65-700.
District Court of Appeal of Florida. Third District.
April 12, 1966.
Rehearing Denied May 11, 1966.
*488 Thomas A. Horkan, Jr., and Alfred D. Bieley, Miami, for appellants.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Paul A. Carlton, Miami, for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
CARROLL, Judge.
This appeal is by the plaintiffs below from an adverse summary judgment. Plaintiff Edward L. Tuggle held an automobile liability insurance policy issued by the defendant insurance company. The policy supplied coverage for medical payments and uninsured motorist liability, with a provision that amounts paid to the insured under the former would be set off on the latter coverage. Following an accident involving his automobile, in which his wife, plaintiff Catherine Tuggle was injured, the insured invoked those coverages.
Without having demanded arbitration provided for in the policy, the insured filed suit for declaratory judgment to determine the nature and extent of such coverages. The summary judgment as amended gave effect to the provision of the policy for setoff of medical payments against the amount determined to be due under the uninsured motorist coverage, and denied the plaintiffs' demand for attorney fees. Those two rulings are challenged on the appeal.
In the insurance policy involved here the exclusionary provision with reference to the uninsured motorist coverage is as follows: "The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II." Part II of the policy set forth the coverage for medical expenses.
In our opinion the above quoted provision of the policy, the obvious purpose of which was to avoid payment of certain medical expenses under both coverages, does not have the result of reducing the company's liability on the uninsured motorist coverage below that required under the statute (§ 627.0851, Fla. Stat., F.S.A.) inasmuch as the amount which it provides shall be withheld from the latter coverage is only the part thereof which represents medical payments which are paid or payable under the separate medical expense coverage. Sims v. National Casualty Co., Fla.App. 1965, 171 So.2d 399 and Hack v. Great American Insurance Company, Fla.App. 1965, 175 So.2d 594 are not controlling here. They are distinguishable because the policies in the cited cases did not contain an effective contract provision against the double payment of medical expenses under the two coverages.
Nor do we consider that our decision in this case is contrary to the recent decision of the first district court of appeal in Standard Accident Insurance Company v. Gavin, Fla.App. 1966, 184 So.2d 229, which held invalid a provision that workmen's compensation payments received by the insured should be deducted from the amount due to the insured under the uninsured motorist coverage. A material difference *489 in the two cases is disclosed. In the Standard Accident Insurance Company case the set off of amounts paid by a third party (workmen's compensation) reduced the amount the insurer would be required to pay under the policy to less than the damages recoverable against the uninsured motorist.
Those provisions of the policy in this case amount to a backhanded way of providing that if the uninsured motorist liability includes medical expenses recoverable by the insured, then the separate clause of the policy for payment of such medical expenses to the insured will not be operative. It may be assumed that officials charged with a duty or authority to control rates for premiums will require that in policies containing such a setoff provision the resultant reduction in value and quality of the medical payment coverage (which is what it amounts to) will be accompanied by a proportionate reduction in the premuim charged for that coverage.
In the cases of Davis v. United States Fidelity & Guaranty Company, Fla.App. 1965, 172 So.2d 485, and Standard Accident Insurance Company v. Gavin, supra, decided in the First District, it was held "that the uninsured motorist statute, Section 627.0851, established the public policy of this state to be that every insured is entitled to recover under the policy for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance."
Accordingly, in Standard Accident Insurance Company v. Gavin, supra, the court held that a provision to set off workmen's compensation payments against amounts payable to the insured for the uninsured motorist liability violated that announced policy, as it would permit the insurer to pay less than the damages which would have been recoverable by the insured from the uninsured motorist had the latter held liability insurance. But the setoff in the present case does not violate that announced policy or rule, since the amount by which the setoff (of medical payments) reduces the total the insurer is required to pay on uninsured motorist coverage is supplied and paid by the insurer under the separately contracted for medical payments coverage.
The denial by the trial court of plaintiff's attorney's fees for services in this case was not error. There had been no demand by plaintiffs for arbitration or refusal thereof by the insurer. The decree as amended on rehearing preserved the rights of the parties for arbitration as called for in the policy.
For the reasons stated the judgment appealed from is affirmed.
Affirmed.