186 So.2d 825 (1966)
Charles Henry DAMSEL, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 6065.
District Court of Appeal of Florida. Second District.
May 27, 1966.
*826 Guy Perenich, of Muscarella & Perenich, Clearwater, for appellant.
Luke R. Kaleel, of Kaleel, Kaleel & Kaleel, St. Petersburg, for appellee.
SHANNON, Acting Chief Judge.
This is an appeal by the plaintiff from an order dismissing his second amended complaint in a declaratory decree action brought against an insurance company.
In general terms, the allegations of the complaint were that the plaintiff was insured under an automobile policy issued by the defendant; that the policy provided for medical payments coverage and uninsured motorist coverage; and that the policy also provided that payments made to the insured under medical coverage were to be deducted from the uninsured motorist coverage. The complaint further alleged that the plaintiff had been injured in a collision with an uninsured motorist, as a result of which plaintiff sustained injuries; that medical expenses in the amount of $281.50 resulting from the injuries were claimed against the defendant insurer under the medical payments provisions; that the medical claim had been paid in full; that plaintiff was now seeking recovery from defendant under the uninsured motorist provisions, but that defendant was contending that the uninsured motorist coverage should be reduced by the amounts paid under the medical payments provisions.
The defendant moved to dismiss on the ground that there was an arbitration clause in the uninsured motorist provision which required the parties to submit the dispute to arbitration rather than to seek legal relief through the courts.
The lower court granted the defendant's motion and, plaintiff electing not to amend, dismissed the complaint with prejudice. The rationale expressed in the order of dismissal was that there was no issue of coverage or of liability, and since the parties had agreed to arbitration, the court would be rewriting the insurance contract by taking jurisdiction.
We are in disagreement with the reasoning expressed by the trial judge, because we feel the issue framed by the complaint was basically one of "coverage" and therefore not encompassed by the arbitration clause. E.g., United States Fidelity and Guaranty Company v. Williams, Fla. App. 1965, 177 So.2d 47; Zeagler v. Commercial Union Insurance Co., Fla.App. 1964, 166 So.2d 616; and Cruger v. Allstate Insurance Co., Fla.App. 1964, 162 So.2d 690. Nevertheless, there does exist a theory under *827 which we can affirm, and it is the settled practice in this State to affirm a decree of a lower court even though based on an erroneous ground if the result is justified on any other ground appearing in the record. Escarra v. Winn Dixie Stores, Inc., Fla. 1961, 131 So.2d 483.
Passing now to the main issue in this case, which is the validity of the provision in the policy of insurance allowing the insuror to deduct from the uninsured motorist coverage amounts paid its insured under the medical payments provisions, we find that this provision has been recently upheld by the Third District in Tuggle v. Government Employees Insurance Co., Fla. App., 185 So.2d 487 filed April 12, 1966.
The Tuggle case is, in all material respects, identical to the case now before us. The court there answered the same contentions made by the appellant here, in the following language:
"In our opinion the above quoted provision of the policy, the obvious purpose of which was to avoid payment of certain medical expenses under both coverages, does not have the result of reducing the company's liability on the uninsured motorist coverage below that required under the statute (§ 627.0851, Fla. Stat., F.S.A.) inasmuch as the amount which it provides shall be withheld from the latter coverage is only the part thereof which represents medical payments which are paid or payable under the separate medical expense coverage. Sims v. National Casualty Co., Fla.App. 1965, 171 So.2d 399 and Hack v. Great American Insurance Company, Fla. App. 1965, 175 So.2d 594 are not controlling here. They are distinguishable because the policies in the cited cases did not contain an effective contract provision against the double payment of medical expenses under the two coverages.
"Nor do we consider that our decision in this case is contrary to the recent decision of the first district court of appeal in Standard Accident Insurance Company v. Gavin, Fla.App. 1966, 184 So.2d 229, which held invalid a provision that workmen's compensation payments received by the insured should be deducted from the amount due to the insured under the uninsured motorist coverage. A material difference in the two cases is disclosed. In the Standard Accident Insurance Company case the set off of amounts paid by a third party (workmen's compensation) reduced the amount the insurer would be required to pay under the policy to less than the damages recoverable against the uninsured motorist."
We elect to follow the views expressed by the Third District and find that they are determinative of the case here. Accordingly, the decision of the lower court, dismissing the amended complaint with prejudice, is affirmed.
Affirmed.
HOBSON and PIERCE, JJ., concur.