196 So.2d 440 (1967)
STANDARD ACCIDENT INSURANCE COMPANY, a Corporation, Petitioner,
v.
Judy A. GAVIN, Respondent.
No. 35317.
Supreme Court of Florida.
March 15, 1967.
*441 George Stelljes, Jr., of Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for petitioner.
Barnes & Slater, Jacksonville, for respondent.
PARKER, J. GWYNN, Circuit Judge.
This cause is before us on petition for certiorari alleging conflict of the decision in this cause rendered by the District Court of Appeal, First District, 184 So.2d 229, with Lynch-Davidson Motors v. Griffin, 182 So.2d 7 (Fla. 1966), and Tuggle v. Government Employees Insurance Company, 185 So.2d 487 (Fla.App.3d, April 12, 1966).
The Lynch decision, supra, involved the applicability of the provisions of the Financial Responsibility Law of Florida to an automobile liability policy; this court pointing out that the sanction or compulsion provided in the law did not come into effect until the owner or operator was involved in an accident, and noting further that the conformity clause of the policy in question did not become effective until the policy was certified as "proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state." Therefore, the decision further points out, the provisions of the Financial Responsibility Law did not come into play or become a part of the policy since it had never been certified or required to be certified under the law.
In the instant case, the District Court held that certain provisions of the insurance policy, if given effect, would reduce the minimum benefits below that required by the provisions of Section 627.0851(1), Florida Statutes, F.S.A. Such policy provisions being in conflict with and repugnant to the requirements of the statutory law, the insurance policy would be construed and applied as if such limiting conditions were not contained therein. In the Lynch case, supra, this court simply held that under the facts of that case the statutory provisions did not become a part of the liability policy, but in the case we are considering, and under entirely different factual circumstances, the statutory provisions did become a part of the policy. There is no conflict or inconsistency between the principles of law enunciated in each case.
*442 If the set off provision in the Gavin policy is given effect, it would allow the insurer to reduce the amount the insurer would be required to pay under the policy to less than the damages recoverable against the uninsured motorist to the extent of the payment of workmen's compensation benefits to the insured, which compensation benefits would be provided for under an entirely separate policy, and this, as the courts have properly held, is in violation of the statutory requirements.
In the Tuggle case the policy supplied coverage for medical payments and uninsured motorist liability with a provision that amounts paid to the insured under the medical payment provision would be set off against amount payable under the uninsured motorist provision.
It is pointed out in the opinion that the uninsured motorist statute, Section 627.0851, Florida Statutes, F.S.A., "established the public policy of this state to be that every insured is entitled to recover under the policy for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance."[1] In complying with this statutory requirement, the Tuggle case reasons:
"* * * the setoff in the present case does not violate that announced policy or rule, since the amount by which the setoff (of medical payments) reduces the total the insurer is required to pay on uninsured motorist coverage is supplied and paid by the insurer under the separately contracted for medical payments coverage."
First impression may suggest conflict of the Tuggle case with the case sub judice, but the analysis heretofore set forth indicates that the legal conclusions in each decision are not contradictory and are consonant with statutory requirements.
The petition for writ of certiorari reflected probable jurisdiction in this court but, upon further consideration of this matter, we have determined that jurisdictional conflict does not appear; therefore, the writ must be and is hereby discharged and the petition for writ of certiorari is dismissed.
It is so ordered.
THORNAL, C.J., and CALDWELL and ERVIN, JJ., concur.
THOMAS, J., agrees to conclusion.
NOTES
[1] Davis v. United States Fidelity & Guaranty Company, Fla.App. 1965, 172 So.2d 485.