198 So.2d 850 (1967)
AMERICAN SOUTHERN INSURANCE COMPANY, Appellant,
v.
John I. DANIEL, Jr., Appellee.
No. I-43.
District Court of Appeal of Florida. First District.
May 18, 1967.
*851 Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
Fredric G. Levin, Pensacola, for appellee.
JOHNSON, Judge.
This is an appeal from a final judgment awarding damages and attorney's fee to the insured, appellee herein, in an action at law under the uninsured motorist provision of an automobile liability policy.
The policy is question contained this provision:
"ARBITRATION: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under the Uninsured Motorist Coverage, then upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this paragraph."
* * * * * *
"EXCLUSIONS: This policy does not apply: Under the Medical Expense Coverage,
"(m) to bodily injuries sustained by the named insured or a relative while occupying an automobile owned by or furnished or available for the regular use of either the named insured or any resident of the same household, other than an automobile which qualifies as an `owned automobile' as defined herein."
After the accident on May 6, 1965, counsel for the insured wrote the insurer a letter on September 10, 1965, in which it was pointed out that the insured had discussed the matter of coverage with the insurer's agent, and that he wanted to know whether or not coverage was available under said policy. In answer to this letter, the insurer denied coverage under the policy. Thereafter the appellee insured, filed his complaint in the Court of Record of Escambia County, Florida, for a declaratory decree establishing coverage and that after coverage had been decreed, that a jury be empanelled to try the issues of liability and damages and to award attorney's fee.
To this complaint, the appellant filed its answer admitting coverage, and in the same instrument made a motion to compel arbitration pursuant to the provisions of section 57.12, Florida Statutes, F.S.A. This motion was denied and the case proceeded to trial, resulting in verdict and judgment in favor of the appellee. Attorney's fee was agreed upon and awarded by the court. It is from this judgment this appeal is made.
Appellant's contention on appeal, as raised in point one of its brief, is whether or not the letter of the insurance company denying coverage waived the company's right to have the issue of damages determined by arbitration.
From a reading of the letter of the appellee to the appellant, it appears that the *852 appellee requested the answer to one question only, namely, Did the insurance company recognize coverage or not? and if coverage was admitted, a demand would be made. The reply to said letter, after giving a brief reason for the insurance company's conclusion, stated that under the circumstances so stated, the company had no recourse except to deny coverage. Thereafter this declaratory action was filed, as pointed out, supra.
The appellant, inter alia, urges that the case sub judice, comes within the interpretation and application of the law as stated by this court in Netherlands Insurance Company v. Moore,[1] wherein suit at law was filed by the widow of the deceased insured under the uninsured motorists provision of an automobile policy. This provision was the usual standard provision as appears in most such policies and practically identical with the instant case. The insurance company as soon as served with notice of the suit, filed a motion to require arbitration. The motion was denied and appeal entered to this Court thereon as authorized by F.S. § 57.29(1)(a), F.S.A. This court distinguished The Netherlands Insurance Company case from Cruger v. Allstate Insurance Company[2] and thereby tacitly agreed with the holding in the Cruger case, and said that the agreement to arbitrate was clear as to liability and damages, and that while in no event could the issue of coverage under the policy be considered in the arbitration proceedings, the attempt of the plaintiff to inject that issue into the case as a means of depriving appellant of the right to demand arbitration is * * * of no legal significance and therefore reversed the trial court's order denying arbitration.
In the Cruger case, supra, the insured instituted arbitration proceedings against the insurance company under the provisions for uninsured motorists and arbitration provisions of an automobile insurance policy. Upon being served with the papers requiring arbitration, the insurance company instituted a declaratory decree action in circuit court to determine whether or not it was in fact liable under the policy of its insured. It was necessary for the chancellor to determine a factual situation before determining whether or not there was coverage. The chancellor determined as a matter of fact that there was no coverage, hence the question of liability was not involved in this case. On appeal, however, the Third District Court of Appeals did point out, that under Chapter 87, Florida Statutes, F.S.A., that once either party to an insurance contract is successful in pleading a complaint for declaratory relief, said court is then fully empowered and should completely adjudicate all the rights of the parties relating to coverage, liability, damages, etc. in order that the rights of the parties not be determined in a piecemeal fashion. This latter position was reaffirmed by the Third District Court in United States Fidelity and Guaranty Company v. Williams,[3] wherein coverage was admitted at pretrial conference, but the trial court proceeded to permit the jury to determine the issue of liability and damages. While we do not disagree with the Third District Court in its opinion in Cruger and United States Fidelity and Guaranty Company supra, the author of this opinion does feel that said decisions practically render the provisions of section 57.12(3) meaningless, and further, that unless the insurance company admits coverage it can always be denied the right of arbitration by the insured filing suit for a declaratory decree on the question of coverage, thereby vesting in the court the right *853 to have all the issues settled, including the jury trial.
Section 57.12(3) provides:
"(3) Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay."
In the case sub judice, coverage was admitted and motion made for arbitration, and it would appear that F.S. 57.12(3), F.S.A., supra, would apply, and probably would have, except that in this case, the appellant denied coverage by letter and the appellee was thereby forced to resort to court action. F.S. section 57.29(1) (a), F.S.A., was apparently intended to afford an aggrieved party the right to an immediate determination by appeal, on the question of right of arbitration, before being compelled to proceed to a trial on the issues of liability, damages and attorneys fee, because the statute takes the appeal out of the category of an interlocutory appeal, and its limitations under the Rules. In the case sub judice, however, the appellant did not see fit to invoke this statutory procedure, but went to trial on the issues of liability and damages and attorney's fee, which resulted in an adverse verdict for the appellant; hence this appeal. While we do not infer that it was improper for appellant to raise this question on appeal at this time, in view of the fact that coverage was denied until after suit had been instituted, it would appear to us that the letter of denial of coverage was sufficient to constitute a waiver of the insurance company's right to arbitration, and therefore, upon the authority of the Cruger and United States Fidelity and Guaranty Company cases, supra, we find no error on the part of the trial court in denying the motion for arbitration.
As to the other points raised pertaining to the evidence of damages, we think the trial court gave proper instructions to the jury to safeguard the rights of the defendant and we find no error in admitting the evidence in question, and we find no reason for substituting our judgment for that of the jury.
Therefore, the judgment appealed from is affirmed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Netherlands Insurance Company v. Moore, 190 So.2d 191 (Fla.App.1st, 1966).
[2] Cruger v. Allstate Insurance Company, 162 So.2d 690 (Fla.App.3d, 1964).
[3] United States Fidelity & Guaranty Company v. Williams, 177 So.2d 47 (Fla.App.3d 1965).