200 So.2d 265 (1967)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, Appellant,
v.
James T. CARRICO, Jr., and Mayme Carrico, Appellees.
No. 633.
District Court of Appeal of Florida. Fourth District.
June 12, 1967.
Rehearing Denied July 18, 1967.
Leonard M. Bernard, Jr., of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellant.
John A. Thabes, of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellees.
ANDREWS, Judge.
State Farm Mutual Automobile Insurance Company, defendant, appeals a final summary judgment entered for the plaintiffs, James T. Carrico, Jr., and Mayme Carrico.
Plaintiffs were covered by an automobile insurance policy issued by the defendant and providing coverage for bodily injury caused by an uninsured motorist as required by F.S.A. § 627.0851 and for medical payments, for which separate premiums were paid.
The plaintiff, Mayme Carrico, was an additional insured under the policy and was injured when an uninsured motorist ran into the vehicle in which she was a passenger. The dispute was arbitrated by a board of three arbitrators, which made an award to James T. Carrico of $2,000, and to Mayme Carrico of $2,500. The policy contained a provision to the effect that any payment of loss under the uninsured motorist clause would be reduced by the amount paid for injuries under the hospitalization and medical expenses clauses of the policy. The arbitrators, however, provided that the amount awarded James Carrico would not be reduced by the medical payments which *266 defendant had paid for the benefit of Mayme Carrico in the amount of $903.64.
The award was not paid and suit for declaratory decree to enforce the arbitration award was instituted. The result was a summary judgment for the plaintiffs requiring the defendant to pay the award without deduction for the amount of the medical payment and, in addition, to pay all of the arbitration expenses except the part of the arbitrators' fee required by the policy to be paid by plaintiffs, and to pay the fee of plaintiffs' attorney.
The question presented has been considered by the courts in a number of instances involving various factual situations.[1] However, the issue now appears to have been settled by the decision in Sellers v. United States F. & G., Fla. 1966, 185 So.2d 689. This case reversed the District Court of Appeal decision in United States F. & G. v. Sellers, Fla.App. 1965, 179 So.2d 608, which in turn had reversed the trial court.
The factual situation involved the claim of a passenger in a friend's car injured as the result of an accident with an uninsured motorist. The effect of the Sellers case was to permit recovery against both carriers of the policy on which she was an insured and under the policy on her friend's automobile. In so holding, the court said:
"It appears to us that the statute expresses the statutory requirements both as to coverage to be provided by the insurer, and as to its sources of recovery of insurance protection it paid from other persons, including other insurers legally responsible for the bodily injury to insureds, to the exclusion of inconsistent language inserted in an automobile liability policy. There appears no latitude in the statute for an insurer limiting its liability through `other insurance'; `excess-escape' or `pro rata' clauses, as attempted in Condition 5. If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, all inconsistent clauses in the policy to the controlling statutory language such as are contained in Condition 5 must be judicially rejected."
Condition 5 referred to in the above quotation provided coverage for bodily injury *267 to an insured while occupying an automobile not owned by a named insured and would be only for the excess over any other similar insurance available to the occupant.
The effect of this holding is to prevent an insurer from reducing its liability under uninsured motorist clauses by amounts payable to the insured under "other insurance" provision such as the medical payments made to plaintiff in the instant case.
We have considered the other points on appeal and find them without merit.
Affirmed.
WALDEN, C.J., and WILLIS, BEN C., Associate Judge, concur.
NOTES
[1] Sims v. Nat'l Cas. Co., Fla.App. 1965, 171 So.2d 399: Insured was entitled to recover under both uninsured motorist and medical expense clauses when injured in collision with uninsured motorist.

Hack v. Great Am. Ins. Co., Fla.App. 1965, 175 So.2d 594: The fact that plaintiff made claim against brother's automobile insurer under uninsured motorist clause for injuries sustained in accident and obtained arbitration award which was paid by insurer did not preclude plaintiff from subsequently recovering under medical payments clause of brother's policy for all medical expenses incurred as result of accident.
Standard Accident Ins. Co. v. Gavin, Fla.App. 1966, 184 So.2d 229: The uninsured motorist statute, F.S.A. § 627.0851, established the public policy of this state to be that every insured is entitled to recover under the policy for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance. Insurance companies are without power to insert provisions in the policy which would restrict the coverage afforded by the policy in a manner contrary to the intent of the statute.
Tuggle v. Government Employees Ins. Co., Fla.App. 1966, 185 So.2d 487: Policy provision excluding from uninsured motorist coverage medical expenses paid or payable under medical payments coverage provided for in policy did not violate public policy established by uninsured motorist statute, F.S.A. § 627.0851, to provide coverage for damages which insured would have been able to recover if offending motorist had maintained automobile liability insurance.
Damsel v. State Farm Mut. Auto. Ins. Co., Fla.App. 1966, 186 So.2d 825: Policy provision for excluding from uninsured motorist coverage medical expenses paid or payable under medical payments coverage provided by same policy did not violate public policy established by uninsured motorist statute to provide coverage for damages for which insured would have been able to recover if offending motorist had maintained liability insurance coverage.