PER CURIAM.
Upon this appeal, the plaintiff, appellant, urges that the defendant, appellee, was not entitled to summary judgment as a matter of law. We affirm the judgment.
The appellant was appellee’s insured. The policy included both a medical payments provision and an uninsured motorist provision. Appellant made claim first under the uninsured motorist portion of the policy and introduced into evidence at the arbitration proceedings bills for medical expenses. The amounts represented by these bills were taken into consideration in the determination of the award received by the appellant in the arbitration proceeding. Thereafter appellant made claim under the medical payments portion of the policy. This was refused upon the ground that the policy specifically provided that in the event payment was made for medical expenses under the uninsured motorist provision, then these amounts could not be recovered a second time under the medical payments clause.
The provision of the policy that payments should not be made under medical payments provision, if payments for the same medical services had been previously paid under the uninsured motorist coverage, was a valid exclusion under the law of Florida. See Standard Accident Insurance Company v. Gavin, Fla.1967, 196 So.2d 440; Tuggle v. Government Employees Insurance Company, Fla.App.1966, 185 So.2d 487; Damsel v. State Farm Mutual Automobile Ins. Co., Fla.App.1966, 186 So.2d 825.
We note that the District Court of Appeal, First District, in Phoenix Insurance Company v. Kincaid, Fla.App.1967, 199 So. 2d 770, in a highly persuasive opinion, has reached a conflicting decision. Nevertheless, we adhere to our precedent on the point and respectfully note the conflict.
Affirmed.