PER CURIAM.
The primary question arising out of this suit by appellee, insured, against appellant, insurance company, on an uninsured motorist provision is the award of attorney’s fees to the insured. The insurance company contends that its policy of insurance provides for arbitration; that it did not deny liability, did not refuse to arbitrate, thus there was no necessity for the insured to institute suit and therefore he is not entitled to an award of attorney’s fees under the statute. This record is devoid of any indication on the part of the insurance company that it demanded arbitration. During the pleading stage the trial court stated, “ . . . any rights to arbitration by either party are waived unless exercised prior to the date yet to be set of the Pre-Trial Conference”, and on the date the pre-trial order was entered the trial court found, “Neither party has asked for arbitration”. Under these facts the insurance company is not in a position to now assert any right of arbitration or nonliability for attorney’s fees for plaintiff. United States Fidelity and Guaranty Company v. Williams, 177 So.2d 47 (3 Fla.App.1965). The other points asserted by appellant have been carefully considered and found to be without merit. The judgment appealed is affirmed.
RAWLS, Acting C. J., and JOHNSON and WIGGINTON, JJ., concur.