# Third District Court of Appeal

## State of Florida

Opinion filed April 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0338
Lower Tribunal No. 24-18453-CA-01
_____

**Huy Hien Tang, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Javier Enriquez, Judge.

Law Group of South Florida, LLC, and Santino Ruiz, for appellants.

Shutts & Bowen LLP, and Amy M. Wessel Jones (Fort Lauderdale) and Garrett A. Tozier (Tampa) and Ricky L. Polston and Daniel E. Nordby (Tallahassee), for appellee.

Before LINDSEY, GORDO and BOKOR, JJ.

BOKOR, J.

The homeowners appeal from an order granting Citizens Property Insurance Corporation's motion to compel arbitration and denying the homeowners' motion to dispense with arbitration. Because the relevant statutory scheme and pertinent portions of the contract permit arbitration, and there is no showing of waiver of that right, we affirm.

When considering a motion to compel arbitration, a court must evaluate: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived. Roth v. Cohen, 941 So. 2d 496, 499 (Fla. 3d DCA 2006). "A court must compel arbitration where an arbitration agreement and an arbitrable issue exists, and the right to arbitrate has not been waived." Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., 824 So. 2d 288, 290 (Fla. 4th DCA 2002) (quotation omitted). Arbitration agreements are "contractual in nature" and their construction is governed by principles of contract interpretation. Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999).

The homeowners argue that sections 627.70152(4) and 627.70154(2), Florida Statutes, which outline the procedure for a suit against an insurer arising under a property insurance policy, render the arbitration clause in the contract unenforceable. That is incorrect. Citizens satisfied the presuit notice

requirement of section 627.70152(4) by providing two simultaneous notices on September 19, 2024, one continuing to deny coverage, and the other informing the homeowners of its intent to seek arbitration. And as correctly explained by the trial court, section 627.351(6)(*ll*)1., Florida Statutes, supersedes section 627.70154. Section 627.351(6)(*ll*)1. explicitly authorizes Citizens to "adopt policy forms that provide for the resolution of disputes regarding its claim determinations, including disputes regarding coverage for, or the scope and value of, a claim, in a proceeding before the Division of Administrative Hearings. Any such policies are not subject to s. 627.70154." So there is no dispute that Citizens had the ability to require a proceeding before DOAH for a dispute regarding coverage, and that it exercised such right properly under the statutes, the terms of the policy, and upon proper notice to the homeowners.

Next, the homeowners argue that Citizens waived its right to arbitration by denying the homeowners' claim in its entirety. But "[a] party's arbitration rights may be waived by . . . active participation in litigation or other acts inconsistent with the right [to arbitrate]." Concierge Auctions, LLC v. Coldwell Banker Residential Real Est., LLC, 394 So. 3d 119, 124 n.2 (Fla. 3d DCA 2024) (citations and quotations omitted). We review a trial court's determination of waiver for competent substantial evidence, with the charge

3

that "[c]ourts resolve all doubts regarding waiver in favor of arbitration rather than against it, and the party seeking to avoid arbitration bears the heavy burden of proving waiver. Id. (quotations omitted). Here, the trial court did not err. Citizens did not participate in the litigation or act inconsistently with asserting a right to arbitrate. Rather, it immediately moved to arbitrate after reiterating its coverage denial in response to the presuit notice. The policy here required arbitration in the event of "a dispute regarding a claim determination." Because a dispute regarding a claim determination would only exist after the denial, the homeowners' argument that a claim denial waived the right to seek arbitration would effectively make the policy provision (and the underlying statutory scheme) illusory. It is a cardinal rule of contract interpretation that contracts must be interpreted to avoid rendering any provision meaningless. See, e.g., Pierce Law Grp., LLP v. Factor, 408 So. 3d 148, 151 (Fla. 3d DCA 2025). We agree with the trial court that Citizens acted pursuant to its contractual and statutory rights and did not take any actions in contravention of its right to arbitrate.

The homeowners rely on several older cases for the premise that a denial of coverage alone constitutes an affirmative waiver of an insurer's right to seek arbitration. See Pollock v. Rsrv. Ins. Co., 258 So. 2d 328, 329 (Fla. 3d DCA 1972) (agreeing without explanation that "it would appear to us that

4

the letter of denial of coverage was sufficient to constitute a waiver of the insurance company's right to arbitration" (quotation omitted)); Paradise Plaza Condo. Ass'n, Inc. v. Reinsurance Corp. of N.Y., 685 So. 2d 937, 940 n.2 (Fla. 3d DCA 1996) (distinguishing from general "waiver of arbitration by denial of coverage" rule by noting that right to arbitrate was not waived where insurer contends that claim was unpayable rather than denying liability under policy); Am. S. Ins. Co. v. Daniel, 198 So. 2d 850, 853 (Fla. 1st DCA 1967) (noting that coverage denial after institution of lawsuit was noticed constituted waiver of insurer's right to arbitrate). At any rate, those cases do not address the statutory scheme addressed above or the specific contract language involved here. Those cases were decided before the adoption of the revised Florida Arbitration Code and related to uninsured motorist insurance policies, which historically excluded coverage. See, e.g., Daniel, 198 So. 2d at 851 (setting forth language of arbitration provision which referenced liability and damages disputes but did not reference coverage determinations). This contrasts with the policy (and statutory language), which expressly includes coverage determinations as arbitrable issues.

And to the extent those older cases relied on the purported common law idea that courts must decide coverage, not arbitrators, any such notion has been supplanted by the legislature's enactment of section 627.351(6)(*ll*),

5

as applied through the policy endorsement explicitly placing the homeowners on notice of the right to arbitrate under these circumstances and incorporating the same into the policy. So none of the older cases involved the issue here: Citizens denied coverage and moved to arbitrate in response to a notice of intent to initiate litigation, as explicitly contemplated by the policy and statutory scheme, without taking any further steps in litigation.

Affirmed.